## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS VENTURA,<br>5313 9TH ST., NW<br>WASHINGTON, DC 20011 | )<br>)<br>)<br>) |
| ROSA RIVAS,<br>10010 LAURIE PLACE<br>FAIRFAX, VA 22037 | )<br>)<br>) |
| MOHAMMED DOUAH,<br>1500 MASSACHUSETTS AVE, NW<br>APT. #728<br>WASHINGTON, DC 20005 | )<br>)<br>)<br>) |
| On behalf of themselves and all<br>other similarly situated employees, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) |
| BEBO FOODS, INC.,<br>GALILEO RESTAURANT,<br>RD TRATTORIA, INC.,<br>and, BEBO TRATTORIA RESTAURANT,<br>1001 NEW HAMPSHIRE AVE, NW #302<br>WASHINGTON, DC 20037 | )<br>)<br>)<br>)<br>)<br>) |
| ROBERTO DONNA<br>In his corporate and individual capacity<br>1001 NEW HAMPSHIRE AVE, NW #302<br>WASHINGTON, DC 20037 | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**FAIR LABOR STANDARDS ACT
COLLECTIVE ACTION**

## COMPLAINT

Plaintiffs Jesus Ventura, ("Ventura"), Rosa Rivas, ("Rivas") and Mohammed Douah, ("Douah") and all other similarly situated employees allege by their attorney, Denise M. Clark, as follows:

## NATURE OF ACTION

1.   This is a challenge to Defendants', BEBO Trattoria Restaurant, RD Trattoria, Inc., Galileo Restaurant, BEBO Foods, Inc. and Chef/Owner, Roberto Donna, (collectively "Defendants"), unlawful practice of failing to pay any and all wages during multiple pay periods, failing to pay the required minimum wage, and failing to calculate and pay time-and-a-half for overtime work.  Plaintiffs worked in the Defendants' restaurants as bussers and waiters for over forty hours every work week Monday through Saturday, often working both lunch and dinner shifts until 1am.   Plaintiffs were sometimes not compensated for work at their regular hourly rate and never for the twenty to forty hours of additional overtime work performed.  In sum, Defendant failed to pay minimum wage and overtime wages to Plaintiffs for years of work at Galileo and Trattoria Restaurants; and, failed to pay any wages during multiple pay periods of Plaintiffs' work history at Galileo and BEBO Trattoria Restaurants through 2008.

2.   Pursuant to the Fair Labor Standards Act, 29 U.S.C.§§ 201 *et seq* ("FLSA"), Plaintiffs allege that they are (1) entitled to unpaid overtime wages from Defendant for work beyond forty hours per week and; (2) entitled to liquidated damages equal to Plaintiffs' unpaid overtime wages under the FLSA.

3.      Also pursuant to the FLSA, 29 U.S.C.§§ 201 *et seq*, Plaintiffs allege that they are entitled to the federal minimum wage.

4.      Pursuant to Washington D.C. Wage Payment and Collection Act, D.C. Code § 32-1303, Plaintiffs allege that they are (1) entitled to unpaid wages withheld by Defendant for various weeks during their work history; and (2) entitled to unpaid gratuities withheld by Defendant for various weeks during their work history, and; (3) entitled to liquidated damages of ten percent (10%) of the unpaid wages and gratuities per working day after the day that wages were due.

5.      Pursuant to the Equal Pay Act, 29 U.S.C. 206, Plaintiff Rivas alleges that she was entitled to equal pay for equal work performed as a busser.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331 and §1337 and supplemental jurisdiction over Plaintiffs' D.C. Wage Payment claims pursuant to 28 U.S.C. §1367.  Additionally, this Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §216(b).

7.      Venue is proper in the U.S. District Court in the District of Columbia pursuant to 28 U.S.C. §1391(a).

## PARTIES

8.      Plaintiff, Jesus Ventura is a natural person and a resident of Washington, DC.

9.      Plaintiff, Rosa Rivas is a natural person and a resident of Fairfax, Virginia.

10.     Plaintiff, Mohammed Douah is a natural person and a resident of Washington, DC.

11.    On information and belief, Defendant Roberto Donna is a natural person and resident of Washington, DC.  On information and belief, Donna is the President of RD Trattoria, Inc, BEBO Foods, Inc. and the Chef/Owner of Bebo Trattoria Restaurant, as well as Galileo Restaurant located in Washington DC.    On information and belief, Defendant does business throughout the Washington, DC area, including within the District of Columbia.

12.    On information and belief, Defendant RD Trattoria, Inc is a Virginia corporation with its principal place of business in Alexandria, Virginia.  On information and belief, Defendant does targeted advertising throughout the Washington, DC area.

13.    On information and belief, Defendant BEBO Foods, Inc., is a District of Columbia corporation.

14.    Defendant is, and at all times material to this action was, an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

15.    At all times material to this action Ventura and Rivas were employed as bussers assigned to clearing dirty dishes, taking the dirty dishes to the dishwasher, refilling drink orders, setting tables, and otherwise assisting the waiting staff within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e); and the District of Columbia Wage Payment and Wage Collection Act, D.C. Code 32-1301(2).

16.    At all times material to this action Douah was employed as wait staff assigned to taking patrons orders, setting up tables and serving food and beverages within the meaning of Section 3(e) of the FLSA, 29 U.S.C. 203(e); and the District of Columbia Wage Payment and Wage Collection Act, D.C. Code 32-1301(2).

4

17. Plaintiffs, who were employed as bussers, are not "tipped employees" under the Act because they did not "customarily or regularly" receive more than $30 a month in tips. *See* 29 U.S.C. §203(t).

18. Plaintiffs, who were employed as wait staff, are "tipped employees" under the Act, however, despite the "tip credit" provision of the Act, Plaintiffs' compensation was below the requisite minimum wage or overtime compensation.

19. At all times relevant to this action, Plaintiffs did not perform any work that was of a bona fide executive, administrative or professional nature, or that would otherwise exempt them for the application of the Fair Labor Standards Act or the District of Columbia Wage Payment and Wage Collection Act.

20. At all times relevant to this action, the basis for coverage under the FLSA is also the basis for which Defendants are covered under the Equal Pay Act. *See* 29 U.S.C. §206, 203.

21. This action is a collective action pursuant to the statutory requirements of the FLSA, 29 U.S.C. 216(b); and The District of Columbia Wage Payment and Wage Collection Act, D.C. Code 32-1308(a). Consents to join this action are executed by the named Plaintiffs and attached hereto.

## FACTUAL ALLEGATIONS
### (Overtime Pay)

22. Plaintiff, Jesus Ventura was hired as a busboy in Roberto Donna's Galileo Restaurant in February 1992. On November 11, 2006, Ventura was transferred to the same position in the new BEBO Trattoria Restaurant in Alexandria, Virginia.

23. During the period between February 1992 to November 2007, Ventura regularly worked more than 40 hours per week.

24.    Ventura was not paid time-and-a-half overtime compensation for his hours worked in excess of 40 hours per work week.

25.    Attached to Complaint as Exhibit A are time sheets corroborating Plaintiff Ventura's overtime hours.

26.    Plaintiff, Rosa Rivas was hired as a busser in Galileo Restaurant on October 18, 1997.  On October 1, 2006, Rivas was also transferred to BEBO Trattoria Restaurant.

27.    During the period of October 1998 to November 2007, Plaintiff Rivas regularly worked more than 40 hours per week.

28.    Defendant failed to pay Plaintiff Rivas for time-and-a-half overtime compensation for her hours worked in excess of 40 hours per work week.

29.    Attached to Complaint as Exhibit B are time sheets corroborating Plaintiff Rivas' overtime hours.

30.    Plaintiff, Mohammed Douah was hired as a waiter in Galileo Restaurant in 2002, and was transferred to the same position at BEBO Trattoria on October 15, 2006.

31.    During the period from October 2006, through February 24, 2008, Defendant failed to pay Douah for time-and-a-half overtime compensation for his hours worked in excess of 40 hours per week.

32.    Defendant paid Plaintiffs on an hourly basis, not a weekly salary basis.

33.    At all times relevant to this action Defendant has maintained a time card system whereby, employees clock hours through a computer system at the worksite.  At all times relevant to this action Defendant has maintained a centralized payroll operation under Payrolls by Paychex, Inc.

### (Minimum Wage)

34.    During the period of October 1998, to November 2007, Plaintiff Rivas was not always paid the minimum wage.

35.    During the period between February 1992, and November 2007, Plaintiff Ventura was not always paid the minimum wage.

36.    During the period between October 2006 and February 2008, Plaintiff Douah was not always paid the minimum wage.

37.    During the period that Plaintiffs were employed as bussers and wait staff at BEBO Trattoria, there was a "house pool" of tips money.

38.    The wait staff and kitchen staff would sometimes collect a small portion of their tips from the house pool and the remaining funds were used "by the house for other restaurant expenses," and to supervisors.

39.    On paper, Defendants appeared to include bussers in the share of the house pool. In reality, Plaintiffs Ventura and Rivas never received tips while employed as bussers by BEBO Trattoria.

40.    The wait staff was sometimes paid a portion of the tips but not consistently or routinely.

41.    The administration of the house pool of tips money prevented Plaintiffs from consistently receiving minimum wage.

42.    Attached to Complaint as Exhibit C are Tips Charts created by the Defendant.

### (Wage Payment)

43.    Defendant would issue checks to Plaintiffs but refused to certify the checks with a signature. Thus, the Plaintiffs' paychecks were void and impossible to cash.

44.    Upon information and belief the Defendants' account was held at Fidelity Bank on 1725 Eye Street, NW, Washington, DC.

45.    The few of Plaintiffs' paychecks that were certified by the defendant often bounced causing the Plaintiffs to incur checking fees.

46.    Attached as Exhibit D are Plaintiffs' uncertified checks from Defendant.

47.    Plaintiff Douah's hourly paycheck was regularly withheld, and Defendant would often issue checks to him for zero dollars.  When Douah was paid it was sporadic and never for the amount actually earned.

48.    Plaintiff Douah asked his supervisor, Coratto, when he would be paid, and Coratto responded that, "there is no money in the bank, you can only cash one of your checks at a time.  Business is slow and I can't print the money for you."

49.    On numerous occasions Plaintiffs went to their supervisors, including Salvio (last name unknown) and Ricardo Ochoa Mendez, and Roberto Donna to inform them that they were not being paid tips and they could not cash their checks.

50.    Defendant continually brushed off the repeated concerns of Plaintiffs by promising to pay them soon.

51.    Upon information and belief, nothing was ever done to rectify the situation.

### (Unequal Pay Based on Gender)

52.    At all relevant times, male bussers were paid at an hourly rate of $8.00.

53.    At all relevant times, female bussers, were paid at an hourly rate of $3.35.

8

54.     Both male and female bussers were required to perform the same duties and have
        the same responsibilities while performing under similar working conditions in
        Defendants' restaurants.

### (Defendants' Bad Faith)

55.     Plaintiff Ventura continually tried to cash his pay checks but the account was
        empty, or the checks did not have a signature and he was unable to withdraw his
        pay.

56.     In August of 2007, Plaintiff Ventura was finally able to cash some of these back
        checks at one time.

57.     The next day when he arrived at work, Ventura's Supervisor at BEBO Trattoria
        screamed and reprimanded Ventura for cashing multiple checks at one time,
        allegedly causing the Supervisor to "have a negative balance."

58.     The Plaintiffs were then warned that because of Ventura's actions, the Managers
        were going to close the account altogether.

59.     On or about the second week in November 2007, Plaintiff Ventura explained a
        final time that he could no longer continue to work for Defendant without pay.

60.     As a result working without pay for over six months, Plaintiff Ventura's home is
        now in foreclosure.

61.     On November 12, 2007, Plaintiff Ventura left his employment with Defendant.

62.     On or about the third week in November, Plaintiff Rivas told her supervisor that if
        she was not paid she would be forced to resign.

63.     On November 20, 2007, Plaintiff Rivas quit her employment with Defendant.

9

64.     In early 2008, Plaintiff Douah, again, spoke directly with Mr. Roberto Donna and told him, that he cared about the restaurant and had a long standing relationship with Mr. Donna but was still owed thousands of dollars from 2007. At that time, Mr. Donna told the Defendant, "keep working, just keep working until we solve the problem."

65.     On February 24, 2008, Plaintiff Douah also left his employment as a waiter with Defendant.

### FIRST CLAIM FOR RELIEF FAIR LABOR STANDARDS ACT
### (Overtime Violations)

66.     Plaintiffs allege and incorporate by reference all of the above allegations.

67.      Under the FLSA, Plaintiffs were entitled to overtime compensation from Defendant of one and one-half times per regular rate of hourly pay for hours worked beyond the forty hour work week. By the above course of conduct the Defendant has violated the FLSA.

68.     Defendant had and continues to have a policy against paying overtime for hours worked in excess of 40 hours per workweek and has refused to pay the required overtime.

69.     Defendant's failure to pay overtime wages was willful and not in good faith as evidenced by its failure to pay overtime when Defendant knew, or should have known, that such was due.

70.     Defendant has failed to properly inform Plaintiffs of their rights under the FLSA.

71.     Due to Defendant's FLSA violation, Plaintiffs are entitled to recover their unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C. §216(b).

### SECOND CLAIM FOR RELIEF:
### FLSA
### (Minimum Wage Violations for Bussers)

72.     Plaintiffs allege and incorporate by reference all of the above allegations.

73.     Under the FLSA, the minimum wage is required to be paid by the employer to
        any qualifying employee paid on an hourly basis.

74.     Plaintiff bussers are not exempt as employees who receive gratuities because
        Plaintiffs did not regularly and consistently receive tips.

75.     Defendant has violated the FLSA willfully and not in good faith as Defendants
        not only knew Plaintiffs were not receiving gratuities but actively covered up their
        scheme by documenting the tips paid to Plaintiffs and issuing uncertified checks
        to Plaintiffs in an arrogant and devious scheme to coerce and confuse the Spanish
        speaking Plaintiffs.

76.     Under FLSA, any employer who pays any employee less than the wage to which
        that employee is entitled shall be liable to that employee in the amount of the
        unpaid wages, and an additional amount as liquidated damages.

### (Minimum Wage Violations for Tipped Employees)

77.     Plaintiff Douah's gratuities combined with the employer's direct wages do not
        equal the effective minimum hourly wage.

78.     Defendant has violated the FLSA willfully and not in good faith as Defendants
        not only knew Plaintiffs were not receiving the minimum hourly wage but issued
        direct wages in the form of checks with no money available on said checks.

## THIRD CLAIM FOR RELIEF:
## D.C. WAGE PAYMENT AND WAGE COLLECTION ACT

79.     Plaintiffs allege and incorporate by reference all of the above allegations.

80.     Under the D.C. Wage Payment and Wage Collection Act, every employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer; provided, however, that an interval of not more than 10 working days may elapse between the end of the pay period covered and the regular payday designated by the employer. *See* D.C. Code §32-1302.

81.     Under the D.C. Wage Payment and Wage Collection Act, because Plaintiffs quit their employment, Defendant was required to pay their wages on the next regular pay day or within seven days from the date of the resignation, whichever is earlier. *See* D.C. Code § 32-1303(2).

82.     Upon observation and belief, there was no bona fide dispute over the amount of wages conceded to be due.

83.     Defendants have violated the D.C. Wage Payment and Wage Collection Law willfully and not in good faith as Plaintiffs repeatedly put Defendants on notice and Defendant maintained a policy not to talk to employees about money.

84.     Due to Defendants' D.C. Wage Payment and Wage Collection Law violation, the named Plaintiffs and all other similarly situated employees, are entitled to their hourly compensation and liquidated damages in an equal amount pursuant to D.C. Code 32-1308(a).

85.    The named Plaintiffs and all other similarly situated employees are entitled to consequential damages, such as Plaintiff Ventura's foreclosure on his home due to his inability to pay the mortgage without paid wages.

## FOURTH CLAIM FOR RELIEF: VIOLATIONS OF THE EQUAL PAY ACT

86.    Plaintiffs allege and incorporate by reference all of the above allegations.

87.    Under the Equal Pay Act, incorporated into the FLSA, an employer is required to make equal payments for equal work on jobs that require equal skill, effort, and responsibility and which are performed under similar working conditions. *See* Pub. L. 88038 § 3, 77 Stat. 56 (1963), 29 U.S.C. § 206(d).

88.    Defendants have violated the Equal Pay Act by discriminating against employees on the basis of sex by paying higher wages to male bussers performing the same work as female bussers.

89.    Defendants have, since the date the violations began, repeatedly and willfully violated and continue to violate Section 6(d) of the Equal Pay Act.

90.    Plaintiffs are entitled to three years of backpay, liquidated damages, attorney's fees and all other relief this Court deems equitable.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court grant the following relief:

91.    Award Plaintiffs the following unpaid wages:

        a.    Their unpaid overtime compensation due under the FLSA;
        b.    Their unpaid hourly compensation under the FLSA;
        c.    Their unpaid hourly compensation under D.C. Wage Payment and Wage Collection Act;
        d.    Their unpaid back pay for violations of the Equal Pay Act.

92.     Award Plaintiffs the following liquidated damages:

          a.     Liquidated damages equal to unpaid overtime compensation under the FLSA;

          b.     Liquidated damages equal to unpaid overtime compensation under the FLSA;

          c.     Liquidated damages under the D.C. Wage Payment and Wage Collection law of ten percent (10%) of the unpaid wages per working day after the day that wages were due;

          d.     Liquidated damages under the Equal Pay Act of the FLSA in an equal amount to back wages due.

93.     Award Plaintiffs consequential damages;

94.     Award Plaintiffs punitive damages for willful violations;

95.     Award Plaintiffs prejudgment interest;

96.     Award Plaintiffs reasonable attorneys' fees as well as the costs of this action;

97.     Award such other relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

      Dated:

                                    Respectfully submitted,

                                      Denise M. Clark
                                      The Law Office of Denise M. Clark
                                      1250 Connecticut Ave, N.W.
                                      Suite 200
                                      Washington, D.C. 20036
                                      (202) 293-0015
                                      www.benefitcounsel.com

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESUS VENTURA, | ) | |
| | ) | |
| v. | ) | CONSENT RE: COMPLAINT ALLEGING |
| | ) | WAGE AND HOUR CLAIMS |
| TRATTORIA RESTAURANT | ) | |
| | ) | |

I, Jesus Ventura, declare as follows:

1. I am a former employee of defendant Trattoria Restaurant, and one of the named plaintiffs in this action.

2. I give my consent to being a plaintiff in this action. I wish to seek unpaid and overtime compensation under the Fair Labor Standards Act and the District of Columbia Wage Payment and Wage Collection Act.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5 day of March, 2008 at Washington, D C .

JESUS VENTURA

Jesus Ventura

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

JESUS VENTURA,                          )
                                        )
v.                                      )        ELCONSENTIMIENTO SOBRE
                                        )        LA DEMANDA QUE ALEGA LOSE
TRATTORIA RESTAURANT                    )        RECLAMOS DEL SUELDO Y DE LAS
                                        )        HORAS

Yo, Jesus Ventura, delaro lo siguiente:

1.  Soy un empleado anterior del acusado Trattoria Restaurant, y soy uno de los demandantes
    nombrados en esta accion.

2.  Doy mi consentimiento de ser un demandante en esta accion.  Doseo reclamar los sueldos no
    pagados y la compensacion de sobretiempo bajo del Fair Labor Standards Act, y el District of
    Columbia Wage Payment and Collection Act.

Decalro, bajo la pena de perjurio, que la informacion precedida es verdadera y correcta. Firmado el dia 5
de Marzo, 2008, en *Washington, DC*


                                        *Jesus Ventura*
                                        Jesus Ventura

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSA RIVAS, | ) |
| | ) |
| v. | ) ELCONSENTIMIENTO SOBRE |
| | ) LA DEMANDA QUE ALEGA LOSE |
| TRATTORIA RESTAURANT | ) RECLAMOS DEL SUELDO Y DE LAS |
| | ) HORAS |

Yo, Rosa Rivas, delaro lo siguiente:

1.  Soy un empleado anterior del acusado Trattoria Restaurant, y soy uno de los demandantes nombrados en esta accion.

2.  Doy mi consentimiento de ser un demandante en esta accion. Doseo reclamar los sueldos no pagados y la compensacion de sobretiempo bajo del Fair Labor Standards Act, y el District of Columbia Wage Payment and Collection Act.

Declaro, bajo la pena de perjurio, que la informacion precedida es verdadera y correcta. Firmado el dia ___ de Marzo, 2008, en $3 \cdot 2 \cdot \mathit{1}$ , $O\ 8$ .


*Rosa Rivas.*

Rosa Rivas


703.2988233

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROSA RIVAS, | ) |
| | ) |
| v. | )   CONSENT RE: COMPLAINT ALLEGING |
| | )   WAGE AND HOUR CLAIMS |
| TRATTORIA RESTAURANT | ) |

I, Rosa Rivas, declare as follows:

1. I am a former employee of defendant Trattoria Restaurant, and one of the named plaintiffs in this action.

2. I give my consent to being a plaintiff in this action. I wish to seek unpaid and overtime compensation under the Fair Labor Standards Act and the District of Columbia Wage Payment and Wage Collection Act.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ___day of March, 2008 at ___3 . 2 4 08___.

ROSA. RIVAS.

Rosa Rivas

7 03 298.8733

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MOHAMMED DOUAH | ) | |
| | ) | |
| v. | ) | CONSENT RE: COMPLAINT ALLEGING |
| | ) | WAGE AND HOUR CLAIMS |
| TRATTORIA RESTAURANT | ) | |

I, Mohammed Douah, declare as follows:

1.  I am a former employee of defendant Trattoria Restaurant, and one of the named plaintiffs in this action.

2.  I give my consent to being a plaintiff in this action. I wish to seek unpaid and overtime compensation under the Fair Labor Standards Act and the District of Columbia Wage Payment and Wage Collection Act.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21 day of March, 2008 at WASH, DC          .


                                        _____
                                        Mohammed Douah

**EXHIBIT A**

FOLD AND REMOVE                                                                                           FOLD AND REMOVE

**PERSONAL AND CHECK INFORMATION**

JESUS VENTURA
5313 9TH ST NW
WASHINGTON, DC 20011

Soc Sec #: XXX-XX-XXXX    Employee ID: 15
Hire Date: 11/08/06
Status:
Filing Status:
Federal: Married, 1
State: DC, Married, 1
Dept: 300

Pay Period: 08/13/07 to 08/26/07
Check Date: 09/14/07        Check #: 6098

**NET PAY ALLOCATIONS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| Check Amount | 935.31 | 16101.91 |
| **Net Pay** | **935.31** | **16101.91** |

**EARNINGS**

| DESCRIPTION | HOURS | RATE | CURRENT ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|
| REGULAR | 144.80 | 8.0000 | 1158.40 | 2462.05 | 19696.34 |
| OVERTIME | | | | 65.22 | 782.60 |
| CASH TIPS (IN) | | | | | 1529.00 |
| **GROSS** | **144.80** | | **1158.40** | **2527.27** | **22007.94** |

**DEDUCTIONS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| CASH TIPS (OUT) | | 1529.00 |
| **TOTAL** | **0.00** | **1529.00** |

**WITHHOLDINGS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| FEDERAL W/H | 78.47 | 1591.39 |
| OASDI | 71.82 | 1364.49 |
| MEDICARE | 16.80 | 319.15 |
| STATE W/H DC | 56.00 | 1102.00 |
| **TOTAL** | **223.09** | **4377.03** |

| NET PAY | CURRENT ($) | YTD ($) |
|---|---|---|
| | 935.31 | 16101.91 |

*Payrolls by Paychex, Inc.*

**0430-X616** RD TRATTORIA INC ■

```
TIME CARD      11/11/07 01:07:53
 VENTURA,JESUS   43

Monday, 11/05
  11:30a  4:40p   BUSSER    -FOH     5.16
   5:00p 12:05a   BUSSER    -FOH     7.06

Tuesday, 11/06
  11:40a  3:45a   BUSSER    -FOH    16.08
   5:35p 11:05p   BUSSER    -FOH     5.50

Wednesday, 11/07
   4:00a ------   BUSSER    -FOH
  10:20a  3:40p   BUSSER    -FOH     5.33
   4:00p 11:00p   BUSSER    -FOH     7.00

Thursday, 11/08
  10:35a  4:10p   BUSSER    -FOH     5.58
   4:10p 11:05p   BUSSER    -FOH     6.91

Friday, 11/09
  10:20a  3:40p   BUSSER    -FOH     5.33
   4:00p 12:00a   BUSSER    -FOH     8.00

Saturday, 11/10
   4:00p  1:05a   BUSSER    -FOH     9.08
                                    ------
                                    81.08

Declared Tips
Mon             0.00
Tue             0.00
Wed             0.00
Thu             0.00
Fri             0.00
Sat             0.00
Adjustments     0.00
                -------
Total           0.00
```

**EXHIBIT B**

**TIME CARD**    09/30/07 22:05:21
RIVAS,ROSA  151

Tuesday, 09/25
  10:10a  3:00p    BUSSER    -FOH    4.83
  3:55p  11:30p    BUSSER    -FOH    7.58

Wednesday, 09/26
  4:05p  10:45p    BUSSER    -FOH    6.66

Thursday, 09/27
  4:55p  11:20p    BUSSER    -FOH    6.41

Friday, 09/28
  4:05p  12:30a    BUSSER    -FOH    8.41

Saturday, 09/29
  4:00p  12:50a    BUSSER    -FOH    8.83

Sunday, 09/30
  3:50p  10:05p    BUSSER    -FOH    6.25
                                    ------
                                    49.00

Declared Tips
Mon              0.00
Tue              2.00
Wed              1.00
Thu              1.00
Fri              1.00
Sat              1.00
Sun              1.00
Adjustments      0.00
                -------
Total            7.00

**TIME CARD**    09/23/07 00:08:13
RIVAS,ROSA  151

Monday, 09/17
  3:45p  11:20p    BUSSER    -FOH    7.59

Tuesday, 09/18
  10:25a  3:35p    BUSSER    -FOH    5.16
  4:00p  11:05p    BUSSER    -FOH    7.08

Wednesday, 09/19
  10:40a  3:50p    BUSSER    -FOH    5.15
  4:00p  11:35p    BUSSER    -FOH    7.58

Thursday, 09/20
  10:20a  3:40p    BUSSER    -FOH    5.33
  4:10p  11:40p    BUSSER    -FOH    7.58

Friday, 09/21
  10:25a  3:55p    BUSSER    -FOH    5.50
  4:10p  12:00a    BUSSER    -FOH    7.83

Saturday, 09/22
  4:00p  12:10a    BUSSER    -FOH    8.16
                                    ------
                                    66.91

Declared Tips
Mon              1.00
Tue              2.00
Wed              2.00
Thu              2.00
Fri              2.00
Sat              1.00
Adjustments      0.00
                -------
Total            10.00

**EXHIBIT C**

TIPS for September 14th to September 24th

| | Total | mistakes | 14 Lunch | 14 Dinner | 15 Lunch | 15 Dinner | 16 Lunch | 16 Dinner | 17 Lunch | 17 Dinner | 18 Lunch | 18 Dinner |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | $ 14,550.94 | | | | | | | | | | | |
| Igor Vuckovic | $ 1,090.13 | $ - | $ - | $ 131.68 | $ - | $ 122.87 | $ 29.85 | $ 102.74 | $ 36.57 | $ 64.00 | $ - | $ - |
| Matteo Graziani | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Massimiliano Stipa | $ 1,682.04 | $ - | $ - | $ 103.10 | $ 24.59 | $ - | $ 49.36 | $ 111.83 | $ 45.55 | $ 205.16 | $ 91.40 | $ 128.25 |
| Mohammed Addali | $ 1,400.22 | $ - | $ - | $ 124.60 | $ 77.40 | $ 155.56 | $ - | $ 162.27 | $ - | $ - | $ - | $ 118.80 |
| Milan Perovic | $ 990.94 | $ - | $ - | $ - | $ - | $ 14.50 | $ - | $ 187.27 | $ - | $ - | $ - | $ - |
| Jesus Ventura | $ 738.96 | $ - | $ 10.13 | $ 47.67 | $ - | $ 43.14 | $ - | $ 56.07 | $ 10.00 | $ 36.41 | $ 17.73 | $ 32.34 |
| Tiburcio Sandoval | $ 1,010.73 | $ - | $ - | $ 73.81 | $ - | $ 64.71 | $ - | $ - | $ - | $ 109.25 | $ 35.47 | $ 97.09 |
| Juan Lopez | $ 30.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Emma Martinez | $ 138.52 | $ - | $ - | $ 73.81 | $ - | $ 64.71 | $ - | $ - | $ - | $ - | $ - | $ - |
| Rosa Rivas | $ 647.34 | $ - | $ - | $ 47.67 | $ - | $ 43.14 | $ - | $ 56.07 | $ - | $ 36.41 | $ 17.73 | $ 32.34 |
| Alexey | $ 750.00 | $ - | $ 47.94 | $ 74.81 | $ - | $ 57.92 | $ - | $ - | $ 47.40 | $ 80.82 | $ - | $ - |
| Ilder Recinos | $ 539.13 | $ - | $ - | $ 74.81 | $ - | $ 57.92 | $ - | $ - | $ - | $ 80.82 | $ - | $ 75.59 |
| Salvio | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Stephanie A. | $ 597.87 | $ - | $ - | $ 74.81 | $ - | $ 57.92 | $ - | $ 40.90 | $ - | $ - | $ - | $ 75.59 |
| Mayra Melo | $ 799.79 | $ - | $ - | $ 131.68 | $ - | $ 122.87 | $ - | $ 49.96 | $ - | $ 42.90 | $ - | $ - |
| Juan Sarabia Garcia | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Rosen | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Arturo Ramos | $ 1,638.20 | $ - | $ 71.33 | $ 119.95 | $ 70.26 | $ 102.41 | $ - | $ - | $ 29.35 | $ 140.37 | $ 67.11 | $ 172.62 |
| Leonardo | $ 471.53 | $ - | $ 10.13 | $ - | $ 34.69 | $ - | $ 18.32 | $ 112.15 | $ 20.72 | $ - | $ - | $ - |
| Juan 2 | $ 65.48 | $ - | $ 10.13 | $ - | $ - | $ - | $ 18.32 | $ - | $ 10.00 | $ - | $ - | $ - |
| Olana | $ 134.79 | $ - | $ - | $ 43.14 | $ - | $ 19.00 | $ - | $ - | $ - | $ 27.20 | $ - | $ 45.45 |
| Mayra Lituna | $ 535.19 | $ - | $ - | $ 67.82 | $ - | $ 68.49 | $ - | $ - | $ - | $ 59.55 | $ - | $ - |
| Ivan | $ 584.84 | $ - | $ - | $ 47.67 | $ 34.69 | $ 43.14 | $ - | $ - | $ - | $ 36.41 | $ - | $ 32.34 |
| Dennis | $ 153.56 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 31.20 |
| Alexis | $ 18.56 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Mohammed Douah | $ 302.32 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Bojan Lazarevic | $ 230.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

**EXHIBIT D**



THE FACE OF THIS DOCUMENT CONTAINS MICROPRINTING • THE BACKGROUND COLOR CHANGES GRADUALLY AND EVENLY FROM DARKER TO LIGHTER WITH THE DARKER AREA AT THE TOP

**RD TRATTORIA INC**
DBA BEBO TRATTORIA
OPERATING ACCOUNT
2250 CRYSTAL DRIVE, UNIT B
ARLINGTON, VA 22202

0430-X616-6365
300
51

65-340
550

| 12/14/2007 | 6365 |
|------------|------|
| DATE | CHECK NO. |

PAYROLL CHECK

PAY TO THE
ORDER OF

ROSA RIVAS
10010 LAURIE PL
FAIRFAX VA 22037

**\*\*$287.58\*\***

AMOUNT

TWO HUNDRED EIGHTY-SEVEN AND 58/100............................................ DOLLARS

FIDELITY & TRUST
WWW.FIDELITYANDTRUST.COM

PAY
ONLY  287 58 CTS

AUTHORIZED SIGNATURE(S)

⑈006365⑈ ⑆055003405⑆ ⑈00128 54⑈

TO VERIFY AUTHENTICITY OF THIS DOCUMENT THE BACK CONTAINS HEAT SENSITIVE INK THAT CHANGES FROM BLUE TO CLEAR AND ALSO CONTAINS AN ARTIFICIAL WATERMARK WHICH CAN BE VIEWED WHEN HELD AT AN ANGLE

Payrolls by Paychex, Inc.

THE FACE OF THIS DOCUMENT CONTAINS MICROPRINTING • THE BACKGROUND COLOR CHANGES GRADUALLY AND EVENLY FROM DARKER TO LIGHTER WITH THE DARKER AREA AT THE TOP

RD TRATTORIA INC
DBA BEBO TRATTORIA
OPERATING ACCOUNT
2250 CRYSTAL DRIVE, UNIT B
ARLINGTON, VA 22202

0430-X616-6370
300
15

65/340
550

12/14/2007      6370
DATE         CHECK NO.

PAYROLL CHECK

PAY TO THE
ORDER OF

JESUS VENTURA
5313 9TH ST NW
WASHINGTON DC 20011

**$876.07**

AMOUNT

EIGHT HUNDRED SEVENTY-SIX AND 07/100 . . . . . . . . . . . . . . . . . . . . DOLLARS

FIDELITY & TRUST
WWW.FIDELITYANDTRUST.COM

PAY
ONLY   876  07
CTS CTS

AUTHORIZED SIGNATURE(S)

⑈006370⑈ ⑈055003405⑈      100128 54⑈

TO VERIFY AUTHENTICITY OF THIS DOCUMENT THE BACK CONTAINS HEAT SENSITIVE INK THAT CHANGES FROM BLUE TO CLEAR AND ALSO CONTAINS AN ARTIFICIAL WATERMARK WHICH CAN BE VIEWED WHEN HELD AT AN ANGLE

---

THE FACE OF THIS DOCUMENT CONTAINS MICROPRINTING • THE BACKGROUND COLOR CHANGES GRADUALLY AND EVENLY FROM DARKER TO LIGHTER WITH THE DARKER AREA AT THE TOP

RD TRATTORIA INC
DBA BEBO TRATTORIA
OPERATING ACCOUNT
2250 CRYSTAL DRIVE, UNIT B
ARLINGTON, VA 22202

0430-X616-6245
300
15

65/340
550

10/26/2007      6245
DATE         CHECK NO.

PAYROLL CHECK

PAY TO THE
ORDER OF

JESUS VENTURA
5313 9TH ST NW
WASHINGTON DC 20011

**$899.87**

AMOUNT

EIGHT HUNDRED NINETY-NINE AND 87/100 . . . . . . . . . . . . . . . . . . . . DOLLARS

FIDELITY & TRUST
WWW.FIDELITYANDTRUST.COM

PAY
ONLY   899  87
CTS CTS

AUTHORIZED SIGNATURE(S)

⑈006245⑈ ⑈055003405⑈      100128 54⑈

TO VERIFY AUTHENTICITY OF THIS DOCUMENT THE BACK CONTAINS HEAT SENSITIVE INK THAT CHANGES FROM BLUE TO CLEAR AND ALSO CONTAINS AN ARTIFICIAL WATERMARK WHICH CAN BE VIEWED WHEN HELD AT AN ANGLE

---

THE FACE OF THIS DOCUMENT CONTAINS MICROPRINTING • THE BACKGROUND COLOR CHANGES GRADUALLY AND EVENLY FROM DARKER TO LIGHTER WITH THE DARKER AREA AT THE TOP

RD TRATTORIA INC
DBA BEBO TRATTORIA
OPERATING ACCOUNT
2250 CRYSTAL DRIVE, UNIT B
ARLINGTON, VA 22202

0430-X616-6416
300
15

12/21/2007      6416
DATE         CHECK NO.

PAYROLL CHECK

PAY TO THE
ORDER OF

JESUS VENTURA
5313 9TH ST NW
WASHINGTON DC 20011

This is not a check.
**VOID**

AMOUNT

ZERO AND 00/100 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . DOLLARS

FIDELITY & TRUST
WWW.FIDELITYANDTRUST.COM

PAY
ONLY   0  00
CTS CTS

**NON-NEGOTIABLE**

AUTHORIZED SIGNATURE(S)

TO VERIFY AUTHENTICITY OF THIS DOCUMENT THE BACK CONTAINS HEAT SENSITIVE INK THAT CHANGES FROM BLUE TO CLEAR AND ALSO CONTAINS AN ARTIFICIAL WATERMARK WHICH CAN BE VIEWED WHEN HELD AT AN ANGLE

THE FACE OF THIS DOCUMENT CONTAINS MICROPRINTING. THE BACKGROUND COLOR CHANGES GRADUALLY AND EVENLY FROM DARKER TO LIGHTER WITH THE DARKER AREA AT THE TOP

**RD TRATTORIA INC**
DBA BEBO TRATTORIA
OPERATING ACCOUNT
2250 CRYSTAL DRIVE, UNIT B
ARLINGTON, VA 22202

0430-X616-6450
300
23

| 02/12/2008 | 6450 |
|---|---|
| DATE | CHECK NO. |

PAYROLL CHECK

PAY TO THE
ORDER OF

MOHAMMED DOUAH
1500 MASS AVE., NW
APT 728
WASHINGTON DC 20005

This is not a check.
**VOID**

AMOUNT

ZERO AND 00/100 ................................................ DOLLARS

FIDELITY & TRUST
WWW.FIDELITYANDTRUST.COM

PAY ONLY .00 CTS/CTS

**NON-NEGOTIABLE**
AUTHORIZED SIGNATURE(S)

*Payrolls by Paychex, Inc.*

---

TO VERIFY AUTHENTICITY OF THIS DOCUMENT THE BACK CONTAINS HEAT SENSITIVE INK THAT CHANGES FROM BLUE TO CLEAR AND ALSO CONTAINS AN ARTIFICIAL WATERMARK WHICH CAN BE VIEWED WHEN HELD AT AN ANGLE

FOLD AND REMOVE                    FOLD AND REMOVE

**PERSONAL AND CHECK INFORMATION**
MOHAMMED DOUAH
1500 MASS AVE., NW
APT 728
WASHINGTON, DC 20005

Soc Sec #: XXX-XX-XXXX   **Employee ID:** 23
Hire Date: 11/08/06
Status:
**Filing Status:**
Federal: Married, 4
State: DC, Married, 4
Dept: 300

Pay Period: 12/03/07 to 12/16/07
Check Date: 02/12/08   Check #: 6450
**NET PAY ALLOCATIONS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| Net Pay | 0.00 | 0.00 |

**EARNINGS**

| DESCRIPTION | HOURS | RATE | CURRENT ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|
| REGULAR | 76.42 | 2.1300 | 162.77 | 149.34 | 318.08 |
| OVERTIME | | | | 5.83 | 18.64 |
| CASH TIPS (IN) | | | 1174.09 | | 2342.01 |
| **GROSS** | 76.42 | | 1336.86 | 155.17 | 2678.73 |

*TIPS*

**DEDUCTIONS**

| DESCRIPTION | | CURRENT ($) | YTD ($) |
|---|---|---|---|
| CASH TIPS (OUT) | | 1174.09 | 2342.01 |
| **TOTAL** | | 1174.09 | 2342.01 |

**WITHHOLDINGS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| FEDERAL W/H | 49.07 | 98.64 |
| OASDI | 82.89 | 166.09 |
| MEDICARE | 19.38 | 38.84 |
| STATE W/H DC | 11.43 | 33.15 |
| **TOTAL** | 162.77 | 336.72 |

| | CURRENT ($) | YTD ($) |
|---|---|---|
| **NET PAY** | 0.00 | 0.00 |

*Payrolls by Paychex, Inc.*
**0430-X616** RD TRATTORIA INC





*111012872
10/15/2007
000004110968004

This is a LEGAL COPY of your check. You can use it the same way you would use the original check

RETURN REASON-S
REFER TO ITEM

*19480001*
*13353*
*1*
*05986*

RD TRATTORIA, INC.
DBA BEBO TRATTORIA
PAYROLL ACCOUNT
2250 CRYSTAL DRIVE, UNIT B
ARLINGTON, VA 22202

Fidelity & Trust

5929

65-340/550

10/11/07

PAY TO THE ORDER OF  MOHAMMED DOUAH

three hundred two dollars thirty two                    DOLLARS

MEMO  Tips

⑈005924⑈ ⑆055003405⑆ 10013118⑈ ⑈00000030232⑈

⑈005929⑈ 4⑆055003405⑆         10013118⑈ ⑈00000030232⑈

---

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

RD TRATTORIA, INC.
DBA BEBO TRATTORIA
OPERATING ACCOUNT
2250 CRYSTAL DRIVE, UNIT B
ARLINGTON, VA 22202

Fidelity & Trust
www.fidelityandtrust.com

7335

65-340/550

5/25/2007

PAY TO THE ORDER OF  MOHAMMED DOUAH                    $ **589.06

Five Hundred Eighty-Nine and 06/100************************************************************************ DOLLARS

MOHAMMED DOUAH

MEMO  TIPS

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK - TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT

⑈007335⑈ ⑆055003405⑆         10012854⑈

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jesus Ventura, Rosa Rivas and Mohammed Douah | BEBO Foods, Inc. Galileo Restaurant, RD Trattoria, Inc., BEBO Trattoria Restaurant and Roberto Donna |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Washington, DC
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Washington, DC
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Denise M. Clark
The Law Office of Denise M. Clark
1250 Connecticut Ave, NW Suite 200
Washington, DC 20036

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government
   Plaintiff

● 3 Federal Question
   (U.S. Government Not a Party)

O 2 U.S. Government
   Defendant

O 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| O A. *Antitrust* | O B. *Personal Injury/ Malpractice* | O C. *Administrative Agency Review* | O D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| O E. *General Civil (Other)* | OR | O F. *Pro Se General Civil* |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| O  G. *Habeas Corpus/ 2255* | O  H. *Employment Discrimination* | O  I. *FOIA/PRIVACY ACT* | O  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation) | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act) | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |
| | *(If pro se, select this deck)* | *(If pro se, select this deck)* | |

| O  K. *Labor/ERISA (non-employment)* | O  L. *Other Civil Rights (non-employment)* | O  M. *Contract* | O  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding    O 2 Removed from State Court    O 3 Remanded from Appellate Court    O 4 Reinstated or Reopened    O 5 Transferred from another district (specify)    O 6 Multi district Litigation    O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Plaintiffs allege minimum wage and overtime violations of the Fair Labor Standards Act and the DC Wage Payment and Collection Act

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ **JURY DEMAND:** | Check YES only if demanded in complaint YES ☐  NO ☒ |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐  NO ☒ | If yes, please complete related case form. |
|---|---|---|---|

DATE  4/9/09          SIGNATURE OF ATTORNEY OF RECORD   *Denise M Clark*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.