THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS VENTURA,<br>5313 9TH ST., NW<br>WASHINGTON, DC 20011<br><br>ROSA RIVAS,<br>10010 LAURIE PLACE<br>FAIRFAX, VA 22037<br><br>MOHAMMED DOUAH,<br>1500 MASSACHUSETTS AVE, NW<br>APT. #728<br>WASHINGTON, DC 20005<br><br>On behalf of themselves and all<br>other similarly situated employees,<br><br>         Plaintiffs,<br><br>    v.<br><br>BEBO FOODS, INC.,<br>GALILEO RESTAURANT,<br>RD TRATTORIA, INC.,<br>and, BEBO TRATTORIA RESTAURANT,<br>1001 NEW HAMPSHIRE AVE, NW #302<br>WASHINGTON, DC 20037<br><br>ROBERTO DONNA<br>In his corporate and individual capacity<br>1001 NEW HAMPSHIRE AVE, NW #302<br>WASHINGTON, DC 20037<br><br><br>         Defendants. | **FIRST AMENDED CLASS<br>AND COLLECTIVE ACTION<br>COMPLAINT** |

## COMPLAINT

Plaintiffs Jesus Ventura, ("Ventura"), Rosa Rivas, ("Rivas") and Mohammed Douah, ("Douah") and all other similarly situated employees allege by their attorney, Denise M. Clark, as follows:

## NATURE OF ACTION

1. This is a challenge to Defendants', BEBO Trattoria Restaurant, RD Trattoria, Inc., Galileo Restaurant, BEBO Foods, Inc. and Chef/Owner, Roberto Donna, (collectively "Defendants"), unlawful practice of failing to pay any and all wages during multiple pay periods, failing to pay the required minimum wage, and failing to calculate and pay time-and-a-half for overtime work. Plaintiffs worked in the Defendants' restaurants as bussers and waiters for over forty hours every work week Monday through Saturday, often working both lunch and dinner shifts until 1am. Plaintiffs were sometimes not compensated for work at their regular hourly rate and never for the twenty to forty hours of additional overtime work performed. In sum, Defendant failed to pay minimum wage and overtime wages to Plaintiffs for years of work at Galileo and Trattoria Restaurants; and, failed to pay any wages during multiple pay periods of Plaintiffs' work history at Galileo and BEBO Trattoria Restaurants through 2008.

2. Pursuant to the Fair Labor Standards Act, 29 U.S.C.§§ 201 *et seq* ("FLSA"), Plaintiffs allege that they are (1) entitled to unpaid overtime wages from Defendant for work beyond forty hours per week and; (2) entitled to liquidated damages equal to Plaintiffs' unpaid overtime wages under the FLSA.

3. Also pursuant to the FLSA, 29 U.S.C.§§ 201 *et seq*, Plaintiffs allege that they are entitled to the federal minimum wage.

4. Pursuant to Washington D.C. Wage Payment and Collection Act, D.C. Code § 32-1303, Plaintiffs allege that they are (1) entitled to unpaid wages withheld by Defendant for various weeks during their work history; and (2) entitled to unpaid gratuities withheld by Defendant for various weeks during their work history, and; (3) entitled to liquidated damages of ten percent (10%) of the unpaid wages and gratuities per working day after the day that wages were due.

5. Pursuant to the Equal Pay Act, 29 U.S.C. 206, Plaintiff Rivas alleges that she was entitled to equal pay for equal work performed as a busser.

6. This Complaint is brought as a collective action pursuant to 29 U.S.C. 216(b), on behalf of Plaintiffs and all other persons who are or have been employed by Defendant for up to three years prior to the date this suit was commenced.

7. The members of the class are similarly situated because they are all subject to Defendant's common policies and practices, implemented throughout all restaurants, of exempting all employees from the protections of the FLSA, and of willfully failing to properly record hours worked and pay wages worked by employees.

8. This action is also brought as a class action pursuant to Fed. R.Civ. P. 23(b)(3) on behalf of all employees who are or have been employed by Defendant for up to three years prior to the date this suit was commenced.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331 and §1337 and supplemental jurisdiction over Plaintiffs' D.C. Wage Payment claims pursuant to 28 U.S.C. §1367. Additionally, this Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §216(b).

10. Venue is proper in the U.S. District Court in the District of Columbia pursuant to 28 U.S.C. §1391(a) and 28 U.S.C. 139(c), because the Defendants are subject to personal jurisdiction in this district.

## PARTIES

11. Plaintiff, Jesus Ventura is a natural person and a resident of Washington, DC.

12. Plaintiff, Rosa Rivas is a natural person and a resident of Fairfax, Virginia.

13. Plaintiff, Mohammed Douah is a natural person and a resident of Washington, DC.

14. On information and belief, Defendant Roberto Donna is a natural person and resident of Washington, DC. On information and belief, Donna is the President of RD Trattoria, Inc, BEBO Foods, Inc. and the Chef/Owner of Bebo Trattoria Restaurant, as well as Galileo Restaurant located in Washington DC. On information and belief, Defendant does business throughout the Washington, DC area, including within the District of Columbia.

15. On information and belief, Defendant RD Trattoria, Inc is a Virginia corporation with its principal place of business in Alexandria, Virginia. On information and belief, Defendant does targeted advertising throughout the Washington, DC area.

16. On information and belief, Defendant BEBO Foods, Inc., is a District of Columbia corporation.

17. Defendant is, and at all times material to this action was, an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

18. At all times material to this action Ventura and Rivas were employed as bussers assigned to clearing dirty dishes, taking the dirty dishes to the dishwasher, refilling drink orders, setting tables, and otherwise assisting the waiting staff within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e); and the District of Columbia Wage Payment and Wage Collection Act, D.C. Code 32-1301(2).

19. At all times material to this action Douah was employed as wait staff assigned to taking patrons orders, setting up tables and serving food and beverages within the meaning of Section 3(e) of the FLSA, 29 U.S.C. 203(e); and the District of Columbia Wage Payment and Wage Collection Act, D.C. Code 32-1301(2).

20. Plaintiffs, who were employed as bussers, are not "tipped employees" under the Act because they did not "customarily or regularly" receive more than $30 a month in tips. *See* 29 U.S.C. §203(t).

21. Plaintiffs, who were employed as wait staff, are "tipped employees" under the Act, however, despite the "tip credit" provision of the Act, Plaintiffs' compensation was below the requisite minimum wage or overtime compensation.

22. At all times relevant to this action, Plaintiffs did not perform any work that was of a bona fide executive, administrative or professional nature, or that would

otherwise exempt them for the application of the Fair Labor Standards Act or the District of Columbia Wage Payment and Wage Collection Act.

23. At all times relevant to this action, the basis for coverage under the FLSA is also the basis for which Defendants are covered under the Equal Pay Act. *See* 29 U.S.C. §206, 203.

24. This action is a collective action pursuant to the statutory requirements of the FLSA, 29 U.S.C. 216(b); and The District of Columbia Wage Payment and Wage Collection Act, D.C. Code 32-1308(a). Consents to join this action are executed by the named Plaintiffs and attached hereto.

## FACTUAL ALLEGATIONS
### (Overtime Pay)

25. Plaintiff, Jesus Ventura was hired as a busboy in Roberto Donna's Galileo Restaurant in February 1992. On November 11, 2006, Ventura was transferred to the same position in the new BEBO Trattoria Restaurant in Alexandria, Virginia.

26. During the period between February 1992 to November 2007, Ventura regularly worked more than 40 hours per week.

27. Ventura was not paid time-and-a-half overtime compensation for his hours worked in excess of 40 hours per work week.

28. Attached to Complaint as Exhibit A are time sheets corroborating Plaintiff Ventura's overtime hours.

29. Plaintiff, Rosa Rivas was hired as a busser in Galileo Restaurant on October 18, 1997. On October 1, 2006, Rivas was also transferred to BEBO Trattoria Restaurant.

30. During the period of October 1998 to November 2007, Plaintiff Rivas regularly worked more than 40 hours per week.

31. Defendant failed to pay Plaintiff Rivas for time-and-a-half overtime compensation for her hours worked in excess of 40 hours per work week.

32. Attached to Complaint as Exhibit B are time sheets corroborating Plaintiff Rivas' overtime hours.

33. Plaintiff, Mohammed Douah was hired as a waiter in Galileo Restaurant in 2002, and was transferred to the same position at BEBO Trattoria on October 15, 2006.

34. During the period from October 2006, through February 24, 2008, Defendant failed to pay Douah for time-and-a-half overtime compensation for his hours worked in excess of 40 hours per week.

35. Defendant paid Plaintiffs on an hourly basis, not a weekly salary basis.

36. At all times relevant to this action Defendant has maintained a time card system whereby, employees clock hours through a computer system at the worksite. At all times relevant to this action Defendant has maintained a centralized payroll operation under Payrolls by Paychex, Inc.

### (Minimum Wage)

37. During the period of October 1998, to November 2007, Plaintiff Rivas was not always paid the minimum wage.

38. During the period between February 1992, and November 2007, Plaintiff Ventura was not always paid the minimum wage.

39. During the period between October 2006 and February 2008, Plaintiff Douah was not always paid the minimum wage.

40. During the period that Plaintiffs were employed as bussers and wait staff at BEBO Trattoria, there was a "house pool" of tips money.

41. The wait staff and kitchen staff would sometimes collect a small portion of their tips from the house pool and the remaining funds were used "by the house for other restaurant expenses," and to supervisors.

42. On paper, Defendants appeared to include bussers in the share of the house pool. In reality, Plaintiffs Ventura and Rivas never received tips while employed as bussers by BEBO Trattoria.

43. The wait staff was sometimes paid a portion of the tips but not consistently or routinely.

44. The administration of the house pool of tips money prevented Plaintiffs from consistently receiving minimum wage.

45. Attached to Complaint as Exhibit C are Tips Charts created by the Defendant.

### (Wage Payment)

46. Defendant would issue checks to Plaintiffs but refused to certify the checks with a signature. Thus, the Plaintiffs' paychecks were void and impossible to cash.

47. Upon information and belief the Defendants' account was held at Fidelity Bank on 1725 Eye Street, NW, Washington, DC.

48. The few of Plaintiffs' paychecks that were certified by the defendant often bounced causing the Plaintiffs to incur checking fees.

49. Attached as Exhibit D are Plaintiffs' uncertified checks from Defendant.

50. Plaintiff Douah's hourly paycheck was regularly withheld, and Defendant would often issue checks to him for zero dollars. When Douah was paid it was sporadic and never for the amount actually earned.

51. Plaintiff Douah asked his supervisor, Coratto, when he would be paid, and Coratto responded that, "there is no money in the bank, you can only cash one of your checks at a time. Business is slow and I can't print the money for you."

52. On numerous occasions Plaintiffs went to their supervisors, including Salvio (last name unknown) and Ricardo Ochoa Mendez, and Roberto Donna to inform them that they were not being paid tips and they could not cash their checks.

53. Defendant continually brushed off the repeated concerns of Plaintiffs by promising to pay them soon.

54. Upon information and belief, nothing was ever done to rectify the situation.

### (Unequal Pay Based on Gender)

55. At all relevant times, male bussers were paid at an hourly rate of $8.00.

56. At all relevant times, female bussers, were paid at an hourly rate of $3.35.

57. Both male and female bussers were required to perform the same duties and have the same responsibilities while performing under similar working conditions in Defendants' restaurants.

58. Attached as Exhibit E is payroll verification of the Plaintiffs' wages.

### (Defendants' Bad Faith)

59. Plaintiff Ventura continually tried to cash his pay checks but the account was empty, or the checks did not have a signature and he was unable to withdraw his pay.

60. In August of 2007, Plaintiff Ventura was finally able to cash some of these back checks at one time.

61. The next day when he arrived at work, Ventura's Supervisor at BEBO Trattoria screamed and reprimanded Ventura for cashing multiple checks at one time, allegedly causing the Supervisor to "have a negative balance."

62. The Plaintiffs were then warned that because of Ventura's actions, the Managers were going to close the account altogether.

63. On or about the second week in November 2007, Plaintiff Ventura explained a final time that he could no longer continue to work for Defendant without pay.

64. As a result working without pay for over six months, Plaintiff Ventura's home is now in foreclosure.

65. On November 12, 2007, Plaintiff Ventura left his employment with Defendant.

66. On or about the third week in November, Plaintiff Rivas told her supervisor that if she was not paid she would be forced to resign.

67. On November 20, 2007, Plaintiff Rivas quit her employment with Defendant.

68. In early 2008, Plaintiff Douah, again, spoke directly with Mr. Roberto Donna and told him, that he cared about the restaurant and had a long standing relationship with Mr. Donna but was still owed thousands of dollars from 2007. At that time, Mr. Donna told the Defendant, "keep working, just keep working until we solve the problem."

69. On February 24, 2008, Plaintiff Douah also left his employment as a waiter with Defendant.

## COLLECTIVE ACTION ALLEGATIONS

70. All members of the class were paid in the same or similar manner and under the same standard employment procedures and practices as the Plaintiffs.

71. All members of the class, like the Plaintiffs, were subject to the same unlawful policy to exempt them from the provisions of the FLSA, while at the same time assigning them with duties that would not exempt their status.

72. During the class period, the Defendants knew that the members of the class were not exempt from overtime provisions of the FLSA.

73. During the class period, the Defendants knew that they were required to record time and wages but engaged in a false timekeeping and payroll scheme to give the impression that Defendant was actually paying the required straight time wages.

74. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendants are liable to the Plaintiffs and members of the class for the full amount of all of their unpaid wages, their unpaid overtime wages, plus an additional amount of liquidated damages, plus the attorney's fees and costs of the members of the class.

75. Attached as an exhibit to this Complaint are written consents to the filing of this Complaint duly executed by the Plaintiffs and two additional collective action members pursuant to 29 U.S.C.§ 216(b).

76. Plaintiffs are currently unaware of the identities of all members of the Class. Accordingly, Defendant should be required to provide a list of all persons employed by Defendant, stating their last known addresses and telephone numbers, so that Plaintiffs can give notice of the pendency of this action.

## D.C. CLASS ACTION ALLEGATIONS

77. Plaintiffs restate all of the allegations contained in paragraphs 70 - 73, as set forth fully above.

78. The D.C. subclass all were subject to the unlawful employment practices set forth in paragraphs 70-73.

79. These unlawful employment practices violated the District of Columbia Wage Payment and Collection Act and the D.C. Minimum Wage Revision Act.

80. The members of the D.C. subclass are unknown and so numerous that joinder of each member would be impracticable.

81. There are numerous questions of law and fact common to the claims of the named Plaintiffs.

82. Questions of law and fact common to the D.C. subclass predominate over individual questions that apply to the individual members of the D.C. subclass.

83. Because Plaintiffs and the members of the D.C. subclass challenge the same unlawful wage and hour violations, a class action is superior to other methods of resolving this dispute.

## FIRST CLAIM FOR RELIEF FAIR LABOR STANDARDS ACT
### (Overtime Violations)

84. Plaintiffs allege and incorporate by reference all of the above allegations.

85. Under the FLSA, Plaintiffs were entitled to overtime compensation from Defendant of one and one-half times per regular rate of hourly pay for hours worked beyond the forty hour work week. By the above course of conduct the Defendant has violated the FLSA.

86. Defendant had and continues to have a policy against paying overtime for hours worked in excess of 40 hours per workweek and has refused to pay the required overtime.

87. Defendant's failure to pay overtime wages was willful and not in good faith as evidenced by its failure to pay overtime when Defendant knew, or should have known, that such was due.

88. Defendant has failed to properly inform Plaintiffs of their rights under the FLSA.

89. Due to Defendant's FLSA violation, Plaintiffs are entitled to recover their unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C. §216(b).

### SECOND CLAIM FOR RELIEF:
### FLSA
### (Minimum Wage Violations for Bussers)

90. Plaintiffs allege and incorporate by reference all of the above allegations.

91. Under the FLSA, the minimum wage is required to be paid by the employer to any qualifying employee paid on an hourly basis.

92. Plaintiff bussers are not exempt as employees who receive gratuities because Plaintiffs did not regularly and consistently receive tips.

93. Defendant has violated the FLSA willfully and not in good faith as Defendants not only knew Plaintiffs were not receiving gratuities but actively covered up their scheme by documenting the tips paid to Plaintiffs and issuing uncertified checks to Plaintiffs in an arrogant and devious scheme to coerce and confuse the Spanish speaking Plaintiffs.

94. Under FLSA, any employer who pays any employee less than the wage to which that employee is entitled shall be liable to that employee in the amount of the unpaid wages, and an additional amount as liquidated damages.

### (Minimum Wage Violations for Tipped Employees)

95. Plaintiff Douah's gratuities combined with the employer's direct wages do not equal the effective minimum hourly wage.

96. Defendant has violated the FLSA willfully and not in good faith as Defendants not only knew Plaintiffs were not receiving the minimum hourly wage but issued direct wages in the form of checks with no money available on said checks.

### THIRD CLAIM FOR RELIEF: D.C. WAGE PAYMENT AND WAGE COLLECTION ACT

97. Plaintiffs allege and incorporate by reference all of the above allegations.

98. Under the D.C. Wage Payment and Wage Collection Act, every employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer; provided, however, that an interval of not more than 10 working days may elapse between the end of the pay period covered and the regular payday designated by the employer. *See* D.C. Code §32-1302.

99. Under the D.C. Wage Payment and Wage Collection Act, because Plaintiffs quit their employment, Defendant was required to pay their wages on the next regular pay day or within seven days from the date of the resignation, whichever is earlier. *See* D.C. Code § 32-1303(2).

100. Upon observation and belief, there was no bona fide dispute over the amount of wages conceded to be due.

101. Defendants have violated the D.C. Wage Payment and Wage Collection Law willfully and not in good faith as Plaintiffs repeatedly put Defendants on notice and Defendant maintained a policy not to talk to employees about money.

102. Due to Defendants' D.C. Wage Payment and Wage Collection Law violation, the named Plaintiffs and all other similarly situated employees, are entitled to their hourly compensation and liquidated damages in an equal amount pursuant to D.C. Code 32-1308(a).

103. The named Plaintiffs and all other similarly situated employees are entitled to consequential damages, such as Plaintiff Ventura's foreclosure on his home due to his inability to pay the mortgage without paid wages.

## FOURTH CLAIM FOR RELIEF: VIOLATIONS OF THE EQUAL PAY ACT

104. Plaintiffs allege and incorporate by reference all of the above allegations.

105. Under the Equal Pay Act, incorporated into the FLSA, an employer is required to make equal payments for equal work on jobs that require equal skill, effort, and responsibility and which are performed under similar working conditions. *See* Pub. L. 88038 § 3, 77 Stat. 56 (1963), 29 U.S.C. § 206(d).

106. Defendants have violated the Equal Pay Act by discriminating against employees on the basis of sex by paying higher wages to male bussers performing the same work as female bussers.

107. Defendants have, since the date the violations began, repeatedly and willfully violated and continue to violate Section 6(d) of the Equal Pay Act.

108. Plaintiffs are entitled to three years of backpay, liquidated damages, attorney's fees and all other relief this Court deems equitable.

15

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that this Court grant the following relief:

109. Award Plaintiffs the following unpaid wages:

   a. Their unpaid overtime compensation due under the FLSA;
   b. Their unpaid hourly compensation under the FLSA;
   c. Their unpaid hourly compensation under D.C. Wage Payment and Wage Collection Act;
   d. Their unpaid back pay for violations of the Equal Pay Act.

110. Award Plaintiffs the following liquidated damages:

   a. Liquidated damages equal to unpaid overtime compensation under the FLSA;
   b. Liquidated damages equal to unpaid overtime compensation under the FLSA;
   c. Liquidated damages under the D.C. Wage Payment and Wage Collection law of ten percent (10%) of the unpaid wages per working day after the day that wages were due;
   d. Liquidated damages under the Equal Pay Act of the FLSA in an equal amount to back wages due.

111. Award Plaintiffs consequential damages;

112. Declare this action maintainable as a Class Action on behalf of the D.C. sublass pursuant to Fed. R. Civ.P.23.

113. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. 216(b), and direct the Defendants to provide the Plaintiff's with a list of all persons employed by it during the class period;

114. Award Plaintiffs punitive damages for willful violations;

115. Award Plaintiffs prejudgment interest;

116. Award Plaintiffs reasonable attorneys' fees as well as the costs of this action;

117. Award such other relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: May 29, 2008

                                          Respectfully submitted,

                                            /s/ Denise M. Clark
                                        Denise M. Clark (420480)
                                        The Law Office of Denise M. Clark
                                        1250 Connecticut Ave, N.W.
                                        Suite 200
                                        Washington, D.C. 20036
                                        (202) 293-0015
                                        www.benefitcounsel.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS VENTURA,  )<br>5313 9TH ST., NW  )<br>WASHINGTON, DC 20011  )<br>  )<br>ROSA RIVAS,  )<br>10010 LAURIE PLACE  )<br>FAIRFAX, VA 22037  )<br>  )<br>MOHAMMED DOUAH,  )<br>1500 MASSACHUSETTS AVE, NW  )<br>APT. #728  )<br>WASHINGTON, DC 20005  )<br>  )<br>On behalf of themselves and all  )<br>other similarly situated employees,  )<br>  )<br>      Plaintiffs,  )<br>  )<br>   v.  )<br>  )<br>BEBO FOODS, INC.,  )<br>GALILEO RESTAURANT,  )<br>RD TRATTORIA, INC.,  )<br>and, BEBO TRATTORIA RESTAURANT,  )<br>1001 NEW HAMPSHIRE AVE, NW #302  )<br>WASHINGTON, DC 20037  )<br>  )<br>ROBERTO DONNA  )<br>In his corporate and individual capacity  )<br>1001 NEW HAMPSHIRE AVE, NW #302  )<br>WASHINGTON, DC 20037  )<br>  )<br>      Defendants.  ) | **FIRST AMENDED CLASS AND**<br>**COLLECTIVE ACTION COMPLAINT** |

## **CERTIFICATE OF SERVICE**

I, Denise M. Clark, certify that on May 29, 2008 a copy of the foregoing ***Plaintiff's Amended Complaint*** was served via electronic mail upon Defendant's counsel:

    Joshua A. Fowkes
    Arent Fox LLP
    1050 Connecticut Ave, N.W.
    Washington, D.C. 20036-5339
    Fowkes.joshua@arentfox.com


Dated:  May 29, 2008

                                                   Respectfully submitted,

                                                      /s/ Denise M. Clark
                                              Denise M. Clark (420480)
                                              The Law Office of Denise M. Clark
                                              1250 Connecticut Ave, N.W.
                                              Suite 200
                                              Washington, D.C. 20036
                                              (202) 293-0015
                                              dmclark@benefitcounsel.com