THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS VENTURA<br>5313 9th St., NW<br>Washington, DC 20011 | *<br>*<br>*<br>* |
| ROSA RIVAS<br>10010 Laurie Place<br>Fairfax, VA 22037 | *<br>*<br>*<br>* |
| MOHAMMED DOUAH<br>1500 Massachusetts Ave, NW<br>Apt. #728<br>Washington, DC 20005 | *<br>*<br>*<br>*<br>* |
| PLAINTIFFS,<br>v.<br> | *<br>*<br>* |
| BEBO FOODS, INC.<br>1101 NEW HAMPSHIRE AVE # 302<br>WASHINGTON, DC 20037 | *<br>*<br>*<br>* |
| GALILEO RESTAURANT<br>1110 21st St NW<br>Washington, DC 20036 | *<br>*<br>*<br>* |
| RD TRATTORIA, INC.<br>2250-B Crystal Drive<br>Arlington, VA 22202 | *<br>*<br>*<br>* |
| BEBO TRATTORIA RESTAURANT<br>2250-B Crystal Drive<br>Arlington, VA 22202 | *<br>*<br>*<br>* |
| ROBERTO DONNA<br>7901 Georgetown Pike<br>McLean, Virginia 22102 | *<br>*<br>*<br>* |
| DEFENDANTS. | * |

Case:  1:08-cv-00621
Judge: Royce C. Lamberth

*****************************************************************************

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

Defendants, Bebo Foods, Inc., Galileo Restaurant, RD Trattoria, Inc., Bebo Trattoria Restaurant, and Roberto Donna (collectively, "Defendants"), by and through undersigned

counsel, and pursuant to Fed. R. Civ. P. 12(b)(2), (3), and (6), seek dismissal or, in the alternative, transfer of this action filed against Defendants

In further support, Defendants refer this Court to the attached Memorandum of Points and Authorities.

WHEREFORE, Defendants respectfully request that this case be dismissed or, in the alternative, transferred to the proper forum, the United States District Court for the Eastern District of Virginia.

                          Respectfully submitted,

                          _____/s/_____
                          Philip B. Zipin, Bar No. 367362
                          The Zipin Law Firm, LLC
                          8403 Colesville Road, Suite 610
                          Silver Spring, Maryland 20910
                          Phone: 301-587-9373
                          Fax: 301-587-9397
                          Email: pzipin@zipinlaw.com

                          *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of June, 2008, a copy of the foregoing Defendants' Motion to Dismiss or, in the Alternative, to Transfer, Memorandum of Points and Authorities, and proposed Order was served electronically, on:

Denise M. Clark
The Law Office of Denise M. Clark
1250 Connecticut Ave., N.W.
Suite 200
Washington, D.C. 20036

*Attorney for Plaintiffs*

                          _____/s/_____
                          Philip B. Zipin

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS VENTURA | * |
| 5313 9th St., NW | * |
| Washington, DC 20011 | * |
| | * |
| ROSA RIVAS | * |
| 10010 Laurie Place | * |
| Fairfax, VA 22037 | * |
| | * |
| MOHAMMED DOUAH | * |
| 1500 Massachusetts Ave, NW | * |
| Apt. #728 | * |
| Washington, DC 20005 | * |
| | * |
|     PLAINTIFFS, | * |
| v. | *    **Case:  1:08-cv-00621** |
| | *    **Judge: Royce C. Lamberth** |
| BEBO FOODS, INC. | * |
| 1101 New Hampshire Ave. #302 | * |
| Washington, DC 20037 | * |
| | * |
| GALILEO RESTAURANT | * |
| 1110 21st St NW | * |
| Washington, DC 20036 | * |
| | * |
| RD TRATTORIA, INC. | * |
| 2250-B Crystal Drive | * |
| Arlington, VA 22202 | * |
| | * |
| BEBO TRATTORIA RESTAURANT | * |
| 2250-B Crystal Drive | * |
| Arlington, VA 22202 | * |
| | * |
| ROBERTO DONNA | * |
| 7901 Georgetown Pike | * |
| McLean, Virginia 22102 | * |
| | * |
|     DEFENDANTS. | * |

*****************************************************************************

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
<u>MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER</u>**

Defendants, Bebo Foods, Inc. ("Bebo Foods"), Galileo Restaurant ("Galileo"), RD Trattoria, Inc. ("RD Trattoria"), Bebo Trattoria Restaurant ("Bebo Restaurant"), and Roberto Donna ("Mr. Donna") (collectively, "Defendants"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(2), (3), and (6), seek dismissal or, in the alternative, transfer of all claims filed against Defendants by Plaintiffs Jesus Ventura ("Ventura"), Rosa Rivas ("Rivas"), and Mohammed Douah ("Douah") for violations of the Overtime and Minimum Wage provisions of the Federal Fair Labor Standards Act, 29 U.S.C § 201 *et seq*. ("FLSA"), Washington D.C. Wage Payment and Collection Act, D.C. Code § 32-1303 ("DCWP&CA"), and the Equal Pay Act, 29 U.S.C. § 206 ("EPA").

## INTRODUCTION

Plaintiffs have filed a four (4) count Complaint against Defendants seeking damages under the FLSA (Overtime and Minimum Wage violations), DCWP&CA, and EPA.[1]  Plaintiffs' claims fail for a number of reasons including lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.  Accordingly, Defendants have requested dismissal of Plaintiffs' claims.  In the alternative, should this Court not deem dismissal appropriate, Defendants seek to have this case transferred to the United States District Court for the Eastern District of Virginia, the appropriate forum for resolution of any claims the Court deems legitimate.

## ARGUMENT

**All Claims Against Defendants Should be Dismissed or Transferred.**

A.  Plaintiffs' Claims Against Galileo Restaurant and Bebo Restaurant Should Be Dismissed As Neither is a Legal Entity.

---

[1] Plaintiffs' recent filing of a First Amended Complaint adds no new causes of action, but styles the case as a collective and class action.

Plaintiffs' Complaint includes "Galileo Restaurant" and "Bebo Trattoria Restaurant" as Defendants.  *See* First Amended Class and Collective Action Complaint ("Complaint") ¶ 1. Both are simply trade names and not legal "persons" or "entities" against whom relief can be granted.  "Galileo Restaurant" and "Bebo Trattoria Restaurant" should be dismissed from this case pursuant to Rule 12(b)(6), for failure to state a claim with respect to these two non-entity Defendants upon which relief can be granted.

B.  Plaintiffs' Claims Against RD Trattoria and Mr. Donna Should be Dismissed for Lack of Personal Jurisdiction.

This Court's jurisdictional reach over nonresident defendants is generally coextensive with that of the Superior Court for the District of Columbia.  *See Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987).  Whether *in personam* jurisdiction may be exercised by this Court involves a two-part inquiry.  First, the Court must determine whether personal jurisdiction is proper under the District of Columbia long-arm statute.[2]  *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  Second, if jurisdiction may be exercised under the long-arm statute, the Court must then decide whether maintaining jurisdiction over the nonresident defendant comports with Constitutional due process requirements.  *Id.* at 1347.  That is, due process is satisfied when a defendant has certain "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  "Minimum contacts" are

---

[2] (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's:
(1)  transacting any business in the District of Columbia;
(2)  contracting to supply services in the District of Columbia;
(3)  causing tortious injury in the District of Columbia by an act or omission in the District of Columbia…

established with the forum when the defendant has "purposefully directed [its] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King. Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Plaintiffs bear the burden of proof to establish that personal jurisdiction is proper. *Jacobsen v. Oliver*, 201 F. Supp.2d 93, 104 (D.D.C. 2000).

When personal jurisdiction over a nonresident defendant is premised on the long-arm statute, "only a claim for relief arising from acts enumerated in this section may be asserted against him." D.C. Code Ann. § 13-423(b). A claim for personal jurisdiction under this section must be based specifically on acts set forth in § 13-423(a). Moreover, § 13-423(a)(1) can only be asserted against a defendant if the legal claim is directly related to the business being conducted. "Courts have uniformly held that subsection (a)(1) confers personal jurisdiction over a defendant only if the plaintiff's claim arises from defendant's contact with the District [of Columbia]." *Ross v. Product Development*, 736 F. Supp. 285, 289 (D.D.C. 1989) (Lamberth, J.).

Section 13-334(a) of the D.C. Code provides for personal jurisdiction over a nonresident defendant even if the claim at issue does not arise from the defendant's activities in the District of Columbia when the defendant is "doing business" in the District by maintaining "continuous and systematic" contacts with the forum. D.C. Code Ann. § 13-334(a); *Gorman v. Ameritrade Holding Corp.*, 239 F.3d 506, 509 (D.C. Cir. 2002). A nonresident defendant's minimum contacts with the forum will suffice for personal jurisdiction only when the defendant "should reasonably anticipate being haled into court" in the forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiffs cannot establish personal jurisdiction over RD Trattoria and Mr. Donna. Plaintiffs must make a prima facie showing of personal jurisdiction by alleging specific purposeful activity by RD Trattoria and Mr. Donna in the District of Columbia, whereby they invoke the benefits and protections of its laws. *See First Chicago Int'l v. United Exch. Co.*, 836 F.3d 1375, 1378-79 (D.C. Cir. 1988).

Plaintiffs have named RD Trattoria and Mr. Donna as Defendants. *See* Complaint at ¶ 1. RD Trattoria is incorporated under the laws of the Commonwealth of Virginia and exclusively engages in the business of operating Bebo Trattoria Restaurant located at 2250-B Crystal Drive, Arlington, Virginia 22202.[3] *See* Affidavit of Roberto Donna ("Donna Affidavit"), attached hereto as Exhibit 1 at ¶ 2. Mr. Donna is a domiciliary of the Commonwealth of Virginia, residing at 7901 Georgetown Pike, McLean, Virginia 22102. *Id.* at ¶ 1. Neither Defendant is a resident of the District of Columbia.

Likewise, neither RD Trattoria nor Mr. Donna transacted business relating to Plaintiffs in the District of Columbia, provided services relating to Plaintiffs in the District of Columbia, or performed any task relating to Plaintiffs or the instant allegations that would allow for personal jurisdiction in the District Columbia. Rather, all of the business transactions and services relating to Plaintiffs, performed by RD Trattoria and Mr. Donna, have occurred exclusively within the Commonwealth of Virginia. *See* Donna Affidavit at ¶ 2. Plaintiffs fail to allege that RD Trattoria or Mr. Donna have engaged in continuous and systematic general business contacts in the District of Columbia, and also fail to plead facts which might support such a theory.

---

[3] Plaintiffs allege that RD Trattoria, Inc. is a Virginia corporation with its principal place of business in Virginia. Complaint ¶ 12. Plaintiffs'' allegation that "Defendant" does "targeted advertising throughout Washington, DC," *id.* is legally irrelevant to the venue issue. *See International Shoe Co.*

Without such allegations and/or facts to support such allegations, personal jurisdiction over RD Trattoria or Mr. Donna is not available in this case.

Finally, the required nexus between the events giving rise to this suit and the District of Columbia is not alleged. Plaintiffs fail to allege any contact between RD Trattoria or Mr. Donna to the District of Columbia.[4] Accordingly, exercising jurisdiction over those Defendants would violate traditional notions of fair play and substantial justice. All claims against RD Trattoria and Mr. Donna should be dismissed for lack of personal jurisdiction.

C.  Plaintiffs' Claims Against RD Trattoria and Mr. Donna Should Be Dismissed or, in the Alternative, Transferred Because Venue is Improper in This Court.

As an independent and alternative basis for dismissal, this Court should dismiss all claims against RD Trattoria and Mr. Donna on the ground that venue is improper. 28 U.S.C. § 1406(a).

Despite the fact that Plaintiffs' allegations are largely Federal Questions, Plaintiffs allege that venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), the section of the venue statute designated for actions founded only on diversity of citizenship. *See* Complaint ¶ 7. Section 1391(a) provides in relevant part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,  [or]
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, …

18 U.S.C. § 1391(a).

It is Plaintiffs' burden to allege facts sufficient to establish proper venue. *Lamont v. Haig*, 590 F.2d 1124, 1136 (D.C. Cir. 1978); *Williamson v. McKinney*, 1988 WL 80049 (D.D.C.

---

[4] Indeed, RD Trattoria and Mr. Donna are both domiciled in Virginia and conduct no activities, with respect to Plaintiffs or the instant allegations, in the District of Columbia. *See* Donna Affidavit at ¶ 2.

1988). Additionally, venue must be proper as to each defendant in the lawsuit. *Payne v. Marketing Showcase, Inc.*, 602 F. Supp. 656, 658 (N.D. Ill. 1986). The purpose of the statutory venue provisions is to "protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183-84 (1979).

As other courts have observed in similar circumstances, "§ 1391(a)(2) has been interpreted as requiring a court to focus on the actions of the defendant, not the plaintiff." *McDaniel v. IBP, Inc.*, 89 F. Supp. 2d 1289, 1294 (M.D. Ala. 2000) (granting motion to transfer pursuant to 28 U.S.C. § 1406). *See also Hampton v. Gregory*, 2003 WL 344327 (6th Cir. 2003) (affirming dismissal for improper venue based on § 1391(a)(2) because plaintiff did not claim that any event, act, or action which formed the basis of his complaint occurred in the Northern District of Ohio, but to the contrary alleged that the events in question occurred in Louisiana and Texas.).

Because Plaintiffs have made allegations based on violations of the FLSA, Plaintiffs' venue claim is **not** founded solely on diversity of citizenship. As the Supreme Court has advised:

> [v]enue in actions not solely predicated upon diversity of citizenship is governed by 28 U.S.C. § 1391(b), which provides that venue is proper only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law. As we have said, it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts.

*Leroy* at 185.

Accordingly, proper venue in the instant action should be based on § 1391(b), which allows for venue in exactly the same circumstances as to § 1391(a).[5]

In the instant case, venue is proper only in either the jurisdiction where RD Trattoria and Mr. Donna reside or where Plaintiffs' claims arose.  RD Trattoria and Mr. Donna are residents of the Commonwealth of Virginia.  The alleged events giving rise to Plaintiffs' claims occurred almost exclusively in Virginia.  Indeed, each Plaintiff concedes respectively in ¶ 22, ¶ 26, and ¶ 30 that since approximately November 2006, Plaintiffs have only been employed by Defendants at the Bebo Restaurant in Virginia.  Because the statute of limitations on Plaintiffs FLSA claims is only two (2) years from the date of filing the Complaint, even if Plaintiffs did have a claim against Defendants in the District of Columbia, an overwhelming majority of the alleged occurrences not barred by the applicable statute of limitations took place in Virginia.

Further, each Plaintiff attached to the Complaint a "Consent Re: Complaint Alleging Wage and Hour Claims" form.  On the Consent forms, each Plaintiff has declared, under penalty of perjury, that he or she only was, "a former employee of defendant Trattoria Restaurant." Disregarding the fact that Plaintiffs declare that they were employees of Trattoria Restaurant, a trade name and not a proper party to this action, for the purposes of venue, Plaintiffs admit that all relevant alleged occurrences took place at the Trattoria Restaurant in Virginia.

Plaintiffs' allegations are inadequate to meet their burden of showing that venue is proper in the District of Columbia.  Plaintiffs have chosen an inconvenient and unfair location to bring this lawsuit against RD Trattoria and Mr. Donna.  Under § 1391(a) and (b), Virginia is the only

---

[5] (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in:
(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or]
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ...

proper venue for this action. This action should be dismissed against RD Trattoria and Mr. Donna for improper venue or, in the alternative, transferred to the United States District Court for the Eastern District of Virginia.

D.      Bebo Foods was Never Plaintiffs' Employer.

Plaintiffs have sued Bebo Foods, ostensibly because Bebo Foods was their employer. Bebo Foods, however, was never Plaintiffs employer. Bebo Foods does not own or operate a restaurant; rather, Bebo Foods only conducts cooking classes and provides cooking consultations. At no time did any Plaintiff perform work for Bebo Foods and Bebo Foods was never Plaintiffs' employer. Donna Affidavit at ¶ 5.

The link between Bebo Foods and Plaintiffs is tenuous, at best, and insufficient to render Bebo Foods a proper defendant in this action. On one occasion, in approximately October 2006, Bebo Foods paid one or more Plaintiff to assist Mr. Donna and/or RD Trattoria in moving restaurant furniture just prior to the opening of Bebo Restaurant. Bebo Foods wrote the check or checks because at that time RD Trattoria did not have sufficient funds in its bank account. *See* Donna Affidavit at ¶ 6. However, even in this instance Plaintiffs were not "employed" by Bebo Foods.

Nor can Bebo Foods be considered a "joint employer" of Plaintiffs along with RD Trattoria. In order for Bebo Foods to be a "joint employer," Plaintiffs must have been Bebo Foods' "employees." The FLSA defines "employee" as "any individual employed by an employer." To "employ" includes "to suffer or permit to work." 29 U.S.C. §§ 203(e)(1), 203(g). *In Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33 (1961), the Supreme Court directed courts to look at "economic reality" rather than "technical concepts" to determine employment status under the FLSA. The "test considers the extent to which typical employer prerogatives

9

govern the relationship between the putative employer and employee." *Henthrorn v. Department of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994).

The Court in *Henthorn* set forth factors to be considered in determining whether an entity is an "employer." The factors include, "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Henthorn* at 684. In commenting on the weight that should be given to each factor in the analysis, the court in *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132 (2nd Cir. 1999) noted that, "no one factor standing alone is dispositive and courts are directed to look at the totality of the circumstances and consider any relevant evidence." *Id. at* 139.

Bebo Foods' relationship with Plaintiffs does not satisfy even one factor listed in *Henthorn*. Bebo Foods never hired or fired any of the Plaintiffs; never supervised their work schedules or controlled their conditions of employment; never determined their rate or method of pay; or maintained (or needed to maintain) employment records. *See* Donna Affidavit at ¶ 7. The only relationship that Plaintiffs had with Bebo Foods was the one instance in which Bebo Foods wrote a check to one or more Plaintiffs for performing a task unrelated to the facts of the instant case. This single, isolated incident cannot serve to characterize Bebo Foods as Plaintiffs' "employer."[6]

As Bebo Foods has provided sufficient evidence to absolve itself of "employer" liability with regard to Plaintiffs' claims, and as Plaintiffs cannot proffer evidence controverting the Donna Affidavit, dismissal of all of Plaintiffs' claims against Bebo Foods is appropriate.

---

[6] Alternatively, even if Bebo Foods could be considered the "employer" of one or more of the Plaintiffs for this limited purpose, the "employment" by Bebo Foods has no relationship whatsoever to any claims made by Plaintiffs.

E.      Rivas' EPA Claim Should be Dismissed.

Plaintiffs' Fourth Claim for Relief alleges violations of the EPA. As noted in paragraph 87 of Plaintiffs' Complaint, "the EPA requires that an employer make equal payments for equal work on jobs that require equal skill, effort, and responsibility and which are performed under similar working conditions." 29 U.S.C. § 206(d). Plaintiffs allege in paragraph 88 that "Defendants have violated the EPA by discriminating against employees on the basis of sex by paying higher wages to male bussers performing the same work as female bussers."

Presumably, as Rivas is the only female Plaintiff, Plaintiffs are alleging that Defendants paid Rivas less than the male bussers because Rivas is female. Plaintiffs' assertion is simply incorrect. With the exception of Ventura, who was paid at a higher hourly rate due to his long tenure, all bussers, regardless of gender, were paid at the identical rate of pay. *See* Donna Affidavit at ¶ 8.

The Donna Affidavit and the Paystubs establish that Rivas was paid at the same rate and method as all other bussers, regardless of gender, with the exception of Ventura.[7] *See City of Los Angeles, Dept. of Water and Power v. Manhart,* 435 U.S. 702 (1978); *Laffey v. Northwest Airlines, Inc.,* 740 F.2d 1071 (D.C. Cir. 1984). As Rivas' EPA claim suffers from an irreparable factual error, and because Plaintiffs cannot proffer facts to contradict the Donna Affidavit and Paystubs, dismissal of Rivas' EPA claim is appropriate.

---

[7] It is axiomatic that singling out a male busser (Ventura) for <u>higher</u> pay, based on lengthy employment tenure, does not constitute a violation of the EPA on behalf of a female busser (Rivas) paid at the same rate as all other male bussers.

## CONCLUSION

For the foregoing reasons, Defendants request that Plaintiffs' claims be dismissed or, in the alternative, transferred for improper venue.

Respectfully submitted,

_____/s/_____
Philip B. Zipin, Bar No. 367362
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: pzipin@zipinlaw.com

*Counsel for Defendants*

## AFFIDAVIT OF ROBERTO DONNA

1.  I am over the age of 18. I am a domiciliary of the Commonwealth of Virginia and reside at 7901 Georgetown Pike, McLean, Virginia 22102. I am competent to testify in this matter based on first-hand knowledge.

2.  I am the Principal of RD Trattoria, Inc. RD Trattoria, Inc. is incorporated under the laws of the Commonwealth of Virginia and exclusively engages in the business of operating Bebo Trattoria Restaurant located at 2250-B Crystal Drive, Arlington, Virginia 22202. RD Trattoria, Inc. and Bebo Trattoria Restaurant do not conduct any business in the District of Columbia. All business transactions and services performed by RD Trattoria and myself in relation to the Bebo Trattoria Restaurant, from approximately October 2006 until the present, occurred exclusively within the Commonwealth of Virginia.

3.  I am the Principal and sole employee of Bebo Foods Inc. Bebo Foods, Inc. has never had any employee other than myself.

4.  Bebo Foods, Inc. does not own or operate a restaurant; rather, Bebo Foods, Inc. only conducts cooking classes and provides cooking consultations. I personally teach all Bebo Foods, Inc. cooking classes and provide all Bebo Foods, Inc. cooking consultations.

5.  At no time has any person other than myself performed work for Bebo Foods, Inc. I am the only person who has ever worked for Bebo Foods, Inc.

6.  On one occasion, in approximately October 2006, Bebo Foods, Inc. paid one or more individuals to assist myself and RD Trattoria, Inc. to move restaurant furniture. This occurred just prior to the opening of RD Trattoria's Bebo Restaurant. Bebo Foods, Inc. wrote the check or checks only because at that time RD Trattoria, Inc. did not have sufficient funds in its bank account. This money was a loan from Bebo Foods, Inc. to RD Trattoria, Inc.

7.  Bebo Foods has never hired or fired any individual; never supervised an individual's work schedules or controlled an individual's conditions of employment; never determined an individual's rate or method of pay; or maintained (or needed to maintain) employment records.

8.  With the exception of Jesus Ventura, who was paid at an hourly rate of approximately $8.00 per hour while working as a busser at the Bebo Restaurant due to his long tenure working for RD Trattoria, Inc. and prior to that at my Galileo Restaurant, all bussers, regardless of gender, were paid at the identical hourly rate of pay.

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of this Affidavit are true and correct to the best of my knowledge, information, and belief.

06-10-08
Date

_____
Roberto Donna

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS VENTURA | * |
| 5313 9th St., NW | * |
| Washington, DC 20011 | * |
| | * |
| ROSA RIVAS | * |
| 10010 Laurie Place | * |
| Fairfax, VA 22037 | * |
| | * |
| MOHAMMED DOUAH | * |
| 1500 Massachusetts Ave, NW | * |
| Apt. #728 | * |
| Washington, DC 20005 | * |
| | * |
|     PLAINTIFFS, | * |
| v. | *   **Case:  1:08-cv-00621** |
| | *   **Judge: Royce C. Lamberth** |
| BEBO FOODS, INC. | * |
| 1101 NEW HAMPSHIRE AVE # 302 | * |
| WASHINGTON, DC 20037 | * |
| | * |
| GALILEO RESTAURANT | * |
| 1110 21st St NW | * |
| Washington, DC 20036 | * |
| | * |
| RD TRATTORIA, INC. | * |
| 2250-B Crystal Drive | * |
| Arlington, VA 22202 | * |
| | * |
| BEBO TRATTORIA RESTAURANT | * |
| 2250-B Crystal Drive | * |
| Arlington, VA 22202 | * |
| | * |
| ROBERTO DONNA | * |
| 7901 Georgetown Pike | * |
| McLean, Virginia 22102 | * |
| | * |
|     DEFENDANTS. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER**

This Court, having considered Defendants' Motion to Dismiss or, In the Alternative, to Transfer, the attached Memorandum of Points and Authorities in support, Plaintiffs' opposition thereto, and any argument of counsel, it is hereby this _____ of _____, 2008

ORDERED, that the Defendants' Motion be and the same hereby is **GRANTED**.

                                                                                          _____
                                                                                          Judge, United States District Court
                                                                                          For the District of Columbia

cc:

    Denise M. Clark, Esq.
    The Law Office of Denise M. Clark
    1250 Connecticut Ave., N.W.
    Suite 200
    Washington, D.C. 20036


    Philip B. Zipin, Esq.
    The Zipin Law Firm, LLC
    8403 Colesville Road, Suite 610
    Silver Spring, Maryland 20910