### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____
JESUS VENTURA,                                    )
ROSA RIVAS,                                       )
MOHAMMED DOUAH,                                   )
   On behalf of themselves and all                )
   other similarly situated employees,             )
                                     )
              Plaintiffs,                          )
                                       )
      v.                                            )                08-0621(RCL)
                                       )
BEBO FOODS, INC.,                                 )
GALILEO RESTAURANT,                               )
RD TRATTORIA, INC.,                               )
BEBO TRATTORIA RESTAURANT,                        )
and                                               )
ROBERTO DONNA                                     )
   In his corporate and individual capacity        )
                                       )
                                       )
            Defendants.                          )
_____ )

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS OR, IN THE ALTERNATIVE TO TRANSFER

### INTRODUCTION

      The Defendants have filed a Motion to Dismiss or Transfer this claim on the grounds that this Court lacks personal jurisdiction over the Defendants, and that Plaintiffs have selected an improper venue and failed to assert a claim upon which relief can be granted for Plaintiff Rivas' Equal Pay Act ("EPA") claim. The Defendants' Motion should fail because, for the reasons set forth herein, this Court has both subject matter and personal jurisdiction over the Plaintiff's claims and the named Defendants.

In summary, Defendants engaged in purposeful activity in the District of Columbia by transacting business and regularly soliciting business here.  Venue is proper her because three named Defendants reside in the District of Columbia[1], and a substantial amount of the events giving rise to this action occurred in the District of Columbia.  Finally, Defendants have failed to offer any relevant legal support for its contention that Plaintiff has failed to state a claim for Plaintiff Rivas' EPA claim.  Defendants production of Roberto Donna's Affidavit as an effort to dismiss the EPA claim is transparent and offers little more than further evidence of a scheme to not pay his employees proper wages and to insulate BEBO Trattoria and Mr. Donna from the jurisdictional reach of this Court.  Accordingly, Plaintiffs urge the Court to summarily deny the Motion to Dismiss and Order the Defendant to Answer the Plaintiff's Complaint.

## **BACKGROUND**

The Plaintiffs commenced this action in response to violations of state and federal law governing wage payment and overtime obligations of employers.  The Plaintiffs are restaurant employees who worked for both Roberto Donna's Galileo and BEBO Trattoria restaurants, for BEBO Foods and most specifically, were all at one time employees of Roberto Donna.  At the very top of Defendant's hierarchy is Mr. Roberto Donna himself who owns and operates all of the named entities.  Galileo Restaurant has consistently been one of Washington, DC's premier fine dining establishments.  As his website claims, "in 1984 Donna opened his flagship restaurant, Galileo and immediately gained a strong following in the DC Metropolitan area." (Mr. Donna's Website also emphasizes Galileo's fine dining.)  See Exhibit 1.  Behind the glamorous scene of this D.C. restaurant however were multiple wage and hour violations.

---

[1] Defendants' counsel has unilaterally changed Mr. Donna's named corporate address to his Virginia residence in the caption but failed to note it to this Court or make a formal request to make this edit.  Notwithstanding the changed address in the caption by Defendants, Mr. Donna is listed as maintaining a residence at 5509 Potomac, Ave., NW in Washington, DC and maintaining an office for BEBO Foods, Inc. at 1101 New Hampshire Ave, N.W. in Washington, DC.  Defendants do not contest these addresses as residential addresses of the Defendants.

Following the temporary closure of Galileo, Mr. Donna opened BEBO Trattoria Restaurant in

Virginia.  Plaintiffs employed at Galileo at that time, bussers, waiters, and staff were transferred

to Mr. Donna's new restaurant in Crystal City, Virginia where the violations worsened and

conditions of unemployment became unbearable for this class of Plaintiffs.  Both Galileo and

BEBO Trattoria restaurants are essential to Plaintiffs' claims because the violations began and

were realized in the District of Columbia but continued in Virginia as the staff's dwindling

wages became overt non-payment of any and all wages.   Mr. Donna knew of the wage payment

and overtime violations, he was approached by Plaintiffs concerning these problems and he

refused on numerous occasions to alleviate the situation.  These employee rights violations

brought Plaintiffs to this Court in the District of Columbia where they have personal jurisdiction

over all Defendants and have selected the proper venue.

## STANDARD OF REVIEW

The facts alleged in the Complaint must be treated as true and the plaintiff must be given

the benefit of all reasonable inferences that can be derived from the facts. *Trudeau v. FTC*, 456

F.3d 178, 193 (D.C. Cir. 2006).  When reviewing a motion to dismiss the court must accept as

true all the factual allegations contained in the complaint. *Leatherman v. Tarrant County*

*Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  Specifically, a complaint

in an employment discrimination lawsuit does not need to assert specific facts to establish a

prima facie case of discrimination, but need only provide a "short and plain statement of the

claim showing that the pleader is entitled to relief." *Quarles v. General Investment &*

*Development Co.*, No. 02-1303 (D.D.C. 03/12/2003) quoting *Swierkiewicz v. Sorema*, 534 U.S.

506, 508 (2002) (citing Fed. R. Civ. P. 8(a)(2)); *Sparrow v. United Airlines, Inc*., 216 F.3d 1111,

1115 (D.C. Cir. 2000).  Therefore, a complaint should not be dismissed for failure to state a

claim unless "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." *Conley*, 355 U.S. at 45-46.

## ARGUMENT

Plaintiffs' factual and legal allegations in the Complaint demonstrate that all named Defendants are part of Mr. Roberto Donna's restaurant enterprise and are so financially and factually intertwined that to separate Plaintiffs' claims against Defendants would substantially offend the standards of justice.

**A.    Neither BEBO Trattoria Restaurant nor Galileo Restaurant Should Be Dismissed As An Improper Party Simply Because It Has Been Sued In Its "Doing Business Capacity" As Both Are "Employers" Which Can Be Sued Under The Federal and District of Columbia Wage and Hour Laws.**

As plead in the Complaint and upon all relevant information contained in the attached affidavit of Elizabeth Scott, attached hereto as Exhibit 2, Roberto Donna owns and operates both BEBO Trattoria and Galileo Restaurants located in the Virginia and the District of Columbia, respectively.  Plaintiffs were employees of both restaurants and were all, at one time, paid for work completed at both restaurants.  While employed, Galileo and BEBO Trattoria management employees and Roberto Donna controlled the working conditions of Plaintiffs' employment. There is no doubt that Plaintiffs were in fact employees of the Defendants and both Galileo and BEBO Trattoria were employers in every sense of the word.[2]

Under the FLSA, any "*person*" who willfully violates the Act is subject to civil and criminal liability.  See 29 U.S.C. §216.   Under the Act, a "*person*" is defined very broadly to include, "any individual, partnership, associates, corporation, business trust, legal representative or *any organized group of persons*."  29 U.S.C.A. §203(a).  Under the FLSA an employer

---

[2] It should be noted that Plaintiffs named both Bebo Trattoria and its corporate parent R.D. Trattoria, Inc.

includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C.A. §203(d). The D.C. Wage Payment and Collection Act also broadly defines an employer as "every individual, partnership, firm, association, corporation, the legal representative of a deceased individual, or the receiver, trustee, or successor of an individual, firm, partnership, association, or corporation, employing any person in the District of Columbia." See D.C. Code 32-1301(1). One central "person" named in this action who acted as or on behalf of the employer at these two Restaurants has been named—Roberto Donna. By his own website, he holds himself out as the owner/employer of both restaurants, and therefore meets the definition of employer under both statutes. See Exhibit 1.

The Fair Labor Standards Act ("FLSA") does not limit workers suing under the Act to only bring suit against corporate defendants. Further, the Act does not specify that a plaintiff cannot name an entity "doing business as" as the employer in suit. Instead, the Defendants have made the conclusory statement that because Galileo and BEBO Trattoria are trade names they must be dismissed. Moreover, Defendants have provided no case law substantiating this proposition.

Defendants have not denied the existence of an employment relationship between the Plaintiffs and both Galileo and BEBO Trattoria Restaurants. In order to determine whether an employment relationship exists for purposes of the FLSA, [courts] must evaluate the 'economic reality' of the relationship. *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). All of the relevant factors, as laid out in the Complaint, and throughout this Brief, establish that the Plaintiffs reported to work at Galileo and BEBO Trattoria Restaurants, carried out their assignments as bussers, waiters and servers at these restaurants during both regular

hours and on special occasions, and that Mr. Roberto Donna willfully failed to pay Plaintiffs in violation of the Act and D.C. wage and hour laws.

Both the D.C. Code and the FLSA provide that employees may sue their employers and maintain an action against the employers as individuals. The D.C. Court of Appeals addressed an individual's liability to employees where an individual willfully violated the Act in maintaining a restaurant. In *Sanchez,* a plaintiff employee sued the restaurant owner where the owner had failed to pay wages after orally promising to do so, even though the work done had been for the restaurant. *Sanchez v. Magafan*, 892 A. 2d 1130, 1131-32 (D.C. 2006). Because the FLSA does not specify that a corporate entity must be named in a suit in order to state a claim for relief, and because Roberto Donna, the owner of both Galileo and BEBO Trattoria was properly sued, neither restaurant should be dismissed from this lawsuit and Defendants should be ordered to answer Plaintiffs' Complaint.

Since initiating this lawsuit Plaintiffs have learned that Galileo Restaurant is incorporated as SER, Inc. a District of Columbia Corporation, and Mr. Donna, its sole shareholder.[3] According to the District of Columbia online organization registration, SER, Inc is registered at the following address: 2600 Virginia Avenue, N.W., Suite 1112, Washington, DC 20037. While Galileo is not listed as a trade name with the District of Columbia, the bankruptcy petition filed in the Bankruptcy Court, District of Columbia August 16, 2004 reflects all of the trade names. The employees of Roberto Donna's Galileo Restaurant were unaware that SER, Inc. was its employer, as none of their paychecks were issued by that corporation. But for conducting a search for a bankruptcy filing of Roberto Donna, Plaintiffs diligent review of the D.C. Corporation listing would not have revealed the connection between SER, Inc and Galileo.

---

[3] Plaintiffs have found that in 2004, SER, Inc. d/b/a Galileo Restaurant, Laboratorio Del Galileo, and Osteria Del Galileo filed for bankruptcy protection under Chapter 11 to escape its debts from Rapid Pay LLC in the Bankruptcy Court for the District of Columbia.

Therefore, should the Court find that SER, Inc. should be named as a Defendant in place of Galileo Restaurant, Plaintiffs request that this Court allow them to amend the Complaint caption to reflect this newly acquired information of "SER, Inc. d/b/a Galileo Restaurant."

**B.     This Court Has Personal Jurisdiction Over Defendants RD Trattoria and Roberto Donna Under the District of Columbia Long Arm Statute.**

As alleged in the Complaint, both BEBO Foods, Inc. and Galileo Restaurant are businesses operating under the laws of the District of Columbia.  Defendants argue only that personal jurisdiction is lacking over Defendants RD Trattoria and Roberto Donna.  Thus personal jurisdiction over the  remaining Defendants, BEBO Foods, Inc. and Galileo Restaurant is assumed unopposed and further discussion of these Defendants here is unnecessary.

By statute, a District of Columbia Court may exercise personal jurisdiction over a person, who acts directly or by an agent as to a claim for relief arising from the person's (1) transacting any business in the District of Columbia (2) contracting to supply services in the District of Columbia (3) causing tortious injury in the District of Columbia or (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. See DC Code 13-434.   Here, both Sections (a)(1) and (a)(4) apply.

It has long been established by federal court jurisprudence that jurisdiction must comport with the "minimum contacts" test of *International Shoe* and that "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being hauled into court there. *World Wide Volkswagon Corp. V. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L.Ed. 2d 490 (1980).  Although plaintiffs retain "the burden of proving personal jurisdiction,

[they] can satisfy that burden with a *prima facie* showing." *Edmond v. United States Postal Serv.*

*Gen. Counsel,* 949 F.2d 415, 424 (D.C.Cir.1991).   In order to establish a prima facie case,

plaintiffs are not limited to evidence that meets the standards of admissibility required by the

district court. Rather, they may rest their argument on their pleadings, bolstered by such

affidavits and other written materials as they can otherwise obtain.  *Mwani v. Bin Laden*, 417

F.3d 1 (Fed. D.C. Cir., 2005).

Defendants' argument concerning the jurisdictional reach of this Court over RD Trattoria

and Roberto Donna is inapposite to the pleadings clearly establishing personal jurisdiction in

Plaintiffs' Complaint, as well as the affidavit of Ms. Elizabeth Scott.  Plaintiffs have asserted that

(1) Fidelity Bank on Eye Street, NW, Washington, DC held the main account for RD Trattoria,

Inc, and required Managerial staff and Roberto Donna to travel into the District of Columbia

with frequency to deposit funds into the account; and (2) RD Trattoria, Inc. and Roberto Donna

engaged in targeted advertising and marketing in the District of Columbia to seek patrons at

BEBO Trattoria Restaurant and; (3) the management of Galileo Restaurant and BEBO Trattoria

Restaurant are so financially and factually entangled in their exploitation of workers that they

must be included in the same suit; and (4) Both Galileo Restaurant and BEBO Trattoria are

owned and operated by Roberto Donna, and the employment violations occurred in both

restaurants.  Indeed, these facts, as alleged in the Complaint, evidence purposeful activity of

Defendants in the District of Columbia connecting them with this forum.  *Robinson v. Ashcroft*,

3257 F. Supp. 2d 146 (D.D.C. 2004).

If this Court cannot find a basis for personal jurisdiction from the allegations of the

Complaint and Ms. Scott's affidavit, Plaintiffs request that they be allowed jurisdictional

discovery in order to further support personal jurisdiction of Defendants.  See *GTE New Media Services, Inc. v. Bellsouth Corp*., 199 F. 3d 1343, 1352 339 U.S. App. D.C. 331 (2000).

**C.    Venue Is Proper With This Court Because Some of the Defendants reside in the District of Columbia And a Substantial Part of the Events Giving Rise to this Action Took Place in the District of Columbia.**

As alleged in the Complaint, both BEBO Foods, Inc. and Galileo Restaurant are businesses operating under the laws of the District of Columbia.  Defendants argue only that venue is improper for Defendants RD Trattoria and Roberto Donna.  Thus venue as to the remaining Defendants, BEBO Foods, Inc. and Galileo Restaurant is assumed unopposed and further discussion of these Defendants here is unnecessary.

A district court need not determine which forum represents the best venue.  *Jacobsen v. Oliver,* 201 F. Supp. 2d 93 (D.D.C. 2002).   According to *Jacobsen,* Congress updated the federal statute governing venue in 1990 in an effort to avoid wasteful litigation when different forums were involved in a dispute.  *Id*. at 108 (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)).   Despite the *Jacobsen* precedent, that is precisely what Defendants have asked this Court to do.  However, the *Jacobsen* Court states, "plaintiffs are not required to establish that the District of Columbia has the most substantial contacts to the dispute, but rather only that "a substantial part of the events occurred in the District." *Id*.

Defendants do not argue that this forum is wholly improper, only that Virginia would be better.  The conclusion that Defendants' seek is entirely contingent upon whether this Court dismisses two of the five defendants, both of which are residents of the District of Columbia.  Both BEBO Foods, Inc. and Galileo Restaurant (SER Inc.) are by their corporate registrations

residents of the District of Columbia and thus, venue is proper in this Court.[4]  However, the
jurisdiction this court has is not based upon diversity, but upon a federal question, as the
Plaintiffs seek to enforce their rights under the Fair Labor Standards Act.[5]   Therefore, by
statute, in a "civil action wherein jurisdiction is not founded solely on diversity of citizenship
may, except as otherwise provided by law, be brought only in…a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a substantial part
of the property that is the subject of the action is situated."  28 U.S.C. 1391(b)(2).  Because this
action is based on a federal question, and not all Defendants reside in the state of Virginia, this is
the only provision that is applicable in this case.

       The basis of the claims alleged in this action begins with Plaintiffs' shared experience as
unpaid employees of Defendant Roberto Donna's Galileo Restaurant.  Plaintiffs were issued
paychecks that were either withheld entirely or bounced when attempting to deposit these
checks.  Plaintiffs were all required to cash their paychecks at Fidelity Bank on 1725 Eye Street,
NW, Washington, DC.  See Plaintiff's First Amended Class and Collective Action Complaint, ¶
47.   Plaintiff's knowledge that the paychecks were bouncing or unsigned is what substantially
gave rise to Plaintiffs' claims for unpaid wages.  Clearly, this event is within the meaning of
Section 1391(b) and venue in the District of Columbia is proper.  Defendants have argued that
venue should be transferred for Defendants RD Trattoria and Roberto Donna.  However, the very
Defendants which held this account in Washington D.C. are in fact, RD Trattoria, d/b/a Bebo
Trattoria Restaurant and Roberto Donna.  As the Defendant cites in *Leroy*, surely the District of
Columbia is not "an inconvenient or unfair place of trial" for Defendants.  See Defendant's

---

[4] Plaintiffs acknowledge that the Complaint states that venue is proper with this Court pursuant to 28 U.S.C.
1391(a), and agree that venue is proper under 28 U.S.C. 1391(b).  Notwithstanding this, Plaintiffs contend that
venue is only proper under 28 U.S.C. 1391(b)(2).
[5] The state law claims of violation of the D.C. Wage Payment Act are state law claims over which this Court would
have supplemental jurisdiction.

Memorandum of Points and Authorities in Support of its Motion to Dismiss, p. 7 citing *Leroy v. Great Western United Corp*., 443 U.S. 173 (1979).

Finally, Defendants contend that the statute of limitations under the FLSA is two years. See Defendant's Memorandum of Points and Authorities in Support of Its Motion to Dismiss, p. 8. *McLaughlin v. Richland Shoe Co*., the Supreme Court held that willful violations of the FLSA enlarge the statute of limitations to three (3) years. 468 U.S. 128, 28 WH Cases 1017 (1988). Throughout Plaintiffs' Complaint, it was repeatedly alleged and supported by factual allegations that Defendants' conduct was willful. See Plaintiff's Complaint.

**D.     BEBO Foods, Inc. Should Not be Dismissed From This Action Because It Is Incorporated In The District of Columbia, Conducts Business In The District of Columbia and Has At All Times Relevant To This Action, Acted As An Employer.**

BEBO Foods, Inc. used employees of R.D. Trattoria, Inc, interchangeably for its events and cooking classes at Galilieo and Bebo Trattoria. (See Affidavit of Elizabeth Scott, attached hereto).

As stated in the Complaint BEBO Foods, Inc., is incorporated under the laws of the District of Columbia. Indeed as Defendants assert, BEBO Foods Inc. offers cooking classes and cooking consultations. What Defendant fails to mention however is that BEBO Foods, Inc. has operated out of both Galileo and BEBO Trattoria Restaurants. Employees working at these restaurants were often assigned to work at the cooking classes and special events and were paid by R.D. Trattoria, Inc. for those services to BEBO Foods, Inc. Plaintiff, Elizabeth Scott, worked for BEBO Foods, Inc. Ms. Scott marketed Mr. Donna—via his website—his cooking classes, his special wine tastings, and other special events. All in all, BEBO Foods, Inc. is Roberto

Donna's alter ego. Through this alter ego, Mr. Donna has moved his employees from the District of Columbia to Virgina, and back again depending on the needs of Roberto Donna.

BEBO Foods, Inc. and R.D. Trattoria are in fact owned and operated by the same individual, Roberto Donna. For Defendant to argue that BEBO Foods, Inc. "never maintained [Plaintiffs'] employment records" is axiomatic. BEBO Foods, Inc. and Donna's failure to do so is exactly why this lawsuit was commenced; Defendant's failure to pay wages and failure to properly keep employment records in compliance with the Fair Labor Standards Act. Mr. Donna's Affidavit stating that there was only "one instance in which BEBO Foods wrote a check to one or more Plaintiffs" completely fails to address Plaintiff Scott's position as Mr. Donna's employee, working frequently on BEBO Foods, Inc. activities and events.

The Supreme Court has supported an expansive understanding of the employee/employer relationship in favor of including individuals under the Act's protection. The FLSA defines "employee" very broadly as "any individual employed by the employer." *United States v. Rosenwasser*, 323 U.S. 360, 363 (1945) (quoting Senator Black's statement on the Senate floor that the term 'employee' had been given 'the broadest definition that has ever been included in any one act'). Indeed Plaintiffs encourage this Court to use the totality of the circumstances test as outlined in Defendant's Motion to Dismiss by the *Henthorn* Court. BEBO Foods, Inc., in the person of Roberto Donna, had the power to hire and fire Plaintiffs, and did, in fact, supervise the conditions of employment for BEBO Foods, Inc., events at which Plaintiffs worked. *Henthorn v. Department of Navy*, 29 F.3d 682 (D.C. Cir. 1994). These factual circumstances are evidenced by Ms. Scott's affidavit. Thus, as Plaintiffs have clarified and proffered evidence contradicting the Donna Affidavit, BEBO Foods, Inc. should not be dismissed as a Defendant in this case.

**E.    Plaintiffs Properly Plead An Equal Pay Act Violation For Which Rivas is Entitled To Relief.**

Whether or not Plaintiff Rivas was paid at a lesser amount than her male counterparts is a question of fact.  Plaintiffs have asserted in their Complaint that Rivas was paid $3.35 an hour while her male counterparts were paid $8.00 an hour.  See Compl. at ¶55-56.  Plaintiffs have also attached payroll verification of these amounts to the Complaint.  Defendants do not dispute that Plaintiff was paid less than Plaintiff Ventura (a male busser) and they do not proffer any evidence to the contrary.  Instead Defendants offer Roberto Donna's dispute.  Defendants have not, and cannot, argue that Plaintiffs failed to state a claim upon which relief may be granted, particular in light of the facts Plaintiffs have plead.  Defendants merely assert that "all bussers, regardless of gender, were paid at the identical rate of pay." Defendant's Memorandum of Points and Authorities in Support of Its Motion to Dismiss, p. 11.   Despite asserting that paystubs would prove otherwise, Defendants offer none.  *Id.*

Defendants also mistakenly argue that in order to avoid dismissal at this stage, Plaintiffs must prove that Rivas was paid differently based on gender when indeed the moving party, the Defendant, carries the burden of proof.  *Brever v. Rockwell Int'l Corp.*, 40 F. 3d 1119, 1125 (10th Cir. 1994).   When reviewing a motion to dismiss, such as this one, the court must accept as true all the factual allegations contained in the complaint. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  Additionally, a court should not dismiss a claim unless the Defendant can prove no set of facts in support of his claim that would entitle a [plaintiff] to relief.  *Warren v. District of Columbia*, 353 F.3d36, 37 (D.C. Cir. 2004).

Defendant cites to two cases which purport to stand for the proposition that a single male employee cannot be singled out for his earnings in pleading gender discrimination. See Defendant's Memorandum of Points and Authorities in Support of Its Motion to Dismiss, p. 11.

In Defendant's first supporting case, *City of Los Angeles, Dept. of Water and Power v. Manhart*, argued at the summary judgment stage, the court looked at the entire record before assessing tenure of male employees and found that there was "no evidence that any factor other than the employee's sex was taken into account in calculating the differential between the respective contributions by men and women." 435 U.S. 702. While the Court did not grant the female plaintiffs retroactive relief, certainly it does not stand for the proposition that Defendant has cited it for.  In the second case cited by Defendant, *Laffey v. Northwest Airlines, Inc.*, the court there held that the defendant, Northwest Airlines had willfully violated the EPA.  740 F.2d 1071(D.C. Cir. 1984).  Again, the case does not stand for the proposition that Rivas' claim should be dismissed nor that she cannot prove gender discrimination.

The Defendant neglects to also mention that Mr. Ventura was one of only three bussers. Indeed Ms. Rivas was the only female busser at the time of her employment with Defendant and as evidenced by the paystubs, she received significantly less hourly pay than Mr. Ventura, a male busser employed at the time that Ms. Rivas worked for Defendants.  This was plead in the Complaint and by all relevant legal standards supports a cognizable legal claim in favor of denying the Motion to Dismiss under Federal Rule 12(b)(6).

## CONCLUSION

Defendants attempt to dismiss this claim and transfer it to Virginia is not only factually unwarranted but evidences a scheme to avoid answering Plaintiffs' allegations by creating unnecessary jurisdictional roadblocks in litigation. For the reasons stated above, this Court should deny Defendants' Motion to Dismiss Plaintiffs' Complaint.

Dated: June 23, 2008

Respectfully submitted,


_____/s/Denise M. Clark_____
Denise M. Clark (420480)
The Law Office of Denise M. Clark
1250 Connecticut Ave, N.W.
Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com

EXHIBIT 1

Case 1:08-cv-00621-RCL    Document 12-2    Filed 06/23/2008    Page 2 of 7



## About the Chef

Roberto Donna, *Executive Chef / Owner*

Born in the Piedmont region of Italy, Roberto Donna's fervent mission is the promotion of authentic Italian cuisine. As a James Beard Award winning Chef and Restaurateur in Washington, DC, Roberto is committed to introducing others to the real flavors of Italy.

Born and raised in Torino, Italy Chef Donna, otherwise known as a child as Bebo to his mother, began working in the kitchen at a restaurant adjacent to his home before he could even reach the counter. It was clear Donna was destined to be a chef. As a first grader, Donna held his first job cleaning produce in a restaurant, and graduated to stuffing cannelloni and ravioli. At age 9, he was tall enough to reach the counter and cook at the stove. By age 13, he began attending professional cooking school. Five years later, he graduated and, on the recommendation of his cooking instructor and mentor, took a job in the United States.

Donna arrived in Washington, D.C. with almost a "lifetime" of cooking experience and education. In 1984 he opened his flagship restaurant, Galileo and immediately gained a strong following in the DC Metropolitan area. In the 21 years since then, Chef Donna's Galileo and Laboratorio have received worldwide recognition and become a destination for those seeking the best in Italian cuisine.

With the recent renovations taking place at Galileo, forcing its temporary closure, Chef Donna has opened Bebo Trattoria da Roberto Donna in Arlington, VA. As a Trattoria, it fulfills Chef Donna's life long dream of having a restaurant that allows guests to enjoy an Italian family dining experience. It has been Chef Donna's goal in each of his restaurants to prepare Italian cuisine that appeals to a full range of culinary tastes and budgets and he successfully provides guests with this each and every day.

Chef Donna spends most of his time in his restaurant; however he does make sure to leave time to travel back to Italy to each year. Visiting other restaurants and chefs gives him new ideas, which he then shares with his own chefs. "If you want to improve and become better in the cooking world," he says, "you have to travel."

Donna is an active supporter of many charities, including the DC Central Kitchen, the American Institute of Wine & Food, Share Our Strength and The James Beard Foundation. He served as a spokesperson for Barilla brand pasta, and has frequently appeared on television, including a "Today" show segment in Torino during the 2006 Winter Olympics, two appearances on the TV Food Network's "Iron Chef" program, several appearances on Comcast's CN8 program "The Fretz Kitchen," as well as appearances on PBS programs and local/regional news stations.

**Learn more about Chef Roberto Donna at <u>robertodonna.com</u>.**



Bebo Trattoria, 2250-B Crystal Drive, Arlington, VA 22202 USA   703-412-5077   info@robertodonna.com

© Copyright 2008, Roberto Donna / RD Trattoria, Inc.

*Roberto Donna*

robertodonna.com



*Galileo > Location and Contact*

**Galileo da Roberto Donna**
*(Closed for renovations)*
*1110 Twenty-First Street NW*
*Washington, DC 20036*

*202-293-7191*
*202-331-9364 (fax)*
*info@galileodc.com*



View Larger Map

---

**Directions to Galileo**

**Galileo is located near the following Metro Stops:**
Dupont Circle (Red Line)
Foggy Bottom (Orange & Blue Line)
Farragut West (Orange & Blue Line)
Farragut North (Red Line)

**From Washington Dulles International Airport (IAD)**
Follow the Dulles Access road to I-495 (North Baltimore). From I-495, exit onto the George Washington Parkway. Continue and cross the Memorial Bridge. At the end of the bridge bear left onto 23rd Street. Follow 23rd and turn right onto I Street. Turn left onto 20th Street. Follow 20th Street to M Street, NW and turn left on M Street. Take M Street to 21st Street and turn left on 21st Street. Galileo Restaurant is about ¾ of the way down the block on your right, before you reach L Street. Valet parking is available after 6:00 p.m. Monday–Saturday.

**From Reagan Washington National Airport (DCA)**
Take the George Washington Parkway West. Cross over the Memorial Bridge. At the end of the bridge bear left. Take the first left onto 23rd Street. Follow 23rd Street and turn right onto I Street. Turn left onto 20th Street. Follow 20th Street to M Street, NW and turn left on M Street. Take M

Street to 21st Street and turn left on 21st Street. Galileo Restaurant is about ¾ of the way down the block on your right, before you reach L Street. Valet parking is available after 6:00 p.m. Monday–Saturday.

### From Baltimore Washington International Airport (BWI)

Take I-95 South Exit 22B Baltimore/Washington Parkway South. Take the New York Avenue exit (Route 50W) into Washington. Turn right onto Pennsylvania Avenue. Turn right onto 20th Street. Follow 20th Street to M Street, NW and turn left on M Street. Take M Street to 21st Street and turn left on 21st Street. Galileo Restaurant is about ¾ of the way down the block on your right, before you reach L Street. Valet parking is available after 6:00 p.m. Monday–Saturday.

### From Route I-270

Follow I-270 to I-495 South toward Northern Virginia. Cross the America Legion Bridge into Virginia and take the first exit to the George Washington Parkway. Take the Key Bridge exit into Washington. Turn right onto M Street. M Street becomes Pennsylvania Avenue. Bear left onto L Street. Turn left onto 20th Street. Follow 20th Street to M Street, NW and turn left on M Street. Take M Street to 21st Street and turn left on 21st Street. Galileo Restaurant is about ¾ of the way down the block on your right, before you reach L Street. Valet parking is available after 6:00 p.m. Monday–Saturday.

### From Virginia and Points South

Follow I-95 North to I-395 North at the Washington Beltway. Follow signs for the Memorial Bridge. Bear left at the end of the bridge. Take the first left at the end of the bridge onto 23rd Street. Follow 23rd Street and turn right onto I Street. Turn left onto 20th Street. Follow 20th Street to M Street, NW and turn left on M Street. Take M Street to 21st Street and turn left on 21st Street. Galileo Restaurant is about ¾ of the way down the block on your right, before you reach L Street. Valet parking is available after 6:00 p.m. Monday–Saturday.

### From the West

Stay on I-66 into the city. I-66 becomes Constitution Avenue. Make a left on 22nd Street. Turn left onto C Street. Turn right onto 23rd Street. Follow 23rd Street and turn right onto I Street. Turn left onto 20th Street. Follow 20th Street to M Street, NW and turn left on M Street. Take M Street to 21st Street and turn left on 21st Street. Galileo Restaurant is about ¾ of the way down the block on your right, before you reach L Street. Valet parking is available after 6:00 p.m. Monday–Saturday.

---

### Contact Us

- Chef Roberto Donna
- Director of Special Events & Catering: Nancy Sabbagh
- Director of Public Relations & Marketing and Assistant to Chef Roberto Donna: Lyn McNally
- Laboratorio del Galileo
- Customer Comments
- Classes & Events

info@robertodonna.com | Tel 703.412.5077 | Fax 703.412.5079

© Copyright 2008, Roberto Donna

Unique ingredients used by Chef Roberto Donna available from:

   olio2go

*Roberto Donna*

robertodonna.com



*Galileo*

In the meantime, join Chef Roberto Donna at the new Bebo Trattoria in Crystal City, Virginia. Place your reservation by calling 703-412-5076. We look forward to seeing you soon!

For twenty-one years, Galileo has been Chef Roberto Donna's showcase for his renowned and innovative Italian cuisine. Galileo's daily-changing menu offers traditional dishes and contemporary improvisations from Roberto's native Piedmontese roots.

Dining at Galileo ranges from casual meals at the bar to elegant dining in the comfortable main dining room; the restaurant also offers numerous options for private dining including an intimate wine cellar, a rear dining room and an outdoor terrace. Galileo's guests have also come to enjoy Laboratorio del Galileo, Roberto state-of-the-art kitchen where he creates special menus 4-6 nights a week for small groups in an intimate dining room.



**Photo Gallery**
Photos of the restaraunt



**Location & Directions**
Where to find us

 

**Accolades**
Galileo recognized

info@robertodonna.com  |  Tel 703.412.5077  |  Fax 703.412.5079

© Copyright 2008, Roberto Donna

Unique ingredients used by Chef Roberto Donna available from:

   olio2go



*Roberto Donna*

robertodonna.com

*Laboratorio del Galileo > Reviews*



**Washingtonian**

*Downtown*
1110 21st St., NW
Washington, DC
202-293-7191
Open Monday through Friday for lunch, daily for dinner.
Wheelchair accessible.

The best fixed-price, multiple-course dining experience in Washington is a dinner at Roberto Donna's Laboratorio, a 30-chair dining room served by its own kitchen in a glass-walled room in the back of Galileo. There Donna and three assistants cook to order and serve 11 to 13 small courses based on the finest available local and imported products, such as vegetables grown from Italian seeds, custom-raised piglets, and air-freighted game.

In this season, some of the courses include garnishes of traditional Italian relishes that the chef has canned during the summer. The tomato sauce used in any preparation is made in-house from locally grown San Marzano tomatoes and similarly preserved.

In one autumn dinner at the Laboratorio, the antipasto comprised house-cured prosciutti of wild boar and farm-raised pig with a garnish of pickled wild mushrooms and oil-cured baby artichokes. Then, in a progression of small courses designed to top one another, Donna and his assistants produced a beautifully paced meal that included pumpkin soup with a garnish of house-made cotechino sausage and black truffles; a couple of spoonfuls of ethereal fresh pasta in a sauce of monkfish and fresh porcini mushrooms; a perfectly cooked filet of red mullet, lent a sweet nuance by its breading of pandoro crumbs, served over a sweet-sour Sicilian vegetable stew; and a stunning course of roasted wood pigeon with a creamy purèe of potatoes and a sauce of emulsified black-trumpet mushrooms and anise.

Memorable as a meal in the Laboratorio is, the daily changing regular menu at Galileo does not suffer by comparison. Whatever the season, it offers temptingly novel dishes. On a given day's menu, one might find an antipasto of thinly sliced veal tongue with a celery-leaf salad and a classic salsa verde, a half order of fettuccine with a long-cooked Neapolitan tomato sauce, or an exquisite dish of baked piglet loin with sautèed mushrooms and potato purée—all dishes that reinforce Galileo's reputation as one of the country's best Italian restaurants.

— Robert Shoffner
*January 2003*

info@robertodonna.com  |  Tel 703.412.5077  |  Fax 703.412.5079

© Copyright 2008, Roberto Donna

Unique ingredients used by Chef Roberto Donna available from:

   olio2go

EXHIBIT 2

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS VENTURA,<br>ROSA RIVAS,<br>MOHAMMED DOUAH,<br>   On behalf of themselves and all<br>   other similarly situated employees,<br><br>          Plaintiffs,<br><br>     v.<br><br><br>BEBO FOODS, INC.,<br>GALILEO RESTAURANT,<br>RD TRATTORIA, INC.,<br>BEBO TRATTORIA RESTAURANT,<br>and<br>ROBERTO DONNA<br>   In his corporate and individual capacity<br><br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF ELIZABETH SCOTT

I, Elizabeth Scott, hereby affirm and attest under penalty of perjury that the foregoing is true to the best of my recollection.

1. I am over the age of eighteen (18) and subject to no infirmity which would preclude me from recollecting or recounting the information set forth in this Affidavit.

2. I am a party to this action, having executed a Consent To Join Collective Action form, attached hereto as Exhibit 1.

3. I was employed by Roberto Donna as his Director of Marketing and PR and his Personal Assistant from February 14, 2007 through December 13, 2007. (See Exhibit 2, attached hereto). Mr. Roberto Donna, as the Principal of BEBO Foods, had the power to determine my work assignments, as well as hire and fire me.

4.  During my employment, Mr. Donna often required me to work exclusively for BEBO Foods, Inc., a company incorporated in the District of Columbia.

5.  My job duties included scheduling the cooking classes, preparing the classes and marketing the classes both to Virginia and Washington D.C. residents.

6.  I also maintained and updated the website for Galileo Restaurant, located in the District of Columbia; represented both BEBO Foods, Inc. & Galileo at offsite tasting events; marketed Mr. Donna's activities to our D.C. customer base via email blasts from a list serve of Galileo patrons, and, processed cooking class registration forms and gift certificates purchases.

7.  I conducted work from home in Washington, DC and at the offices of R.D. Trattoria, Inc. in Arlington, VA.

8.  The BEBO Foods, Inc. cooking classes are held at Galileo Restaurant in Washington, D.C., prior to its closing, and at BEBO Trattoria Restaurant in Virginia.

9.  Patrons of the BEBO Foods cooking classes remitted checks made payable to BEBO Foods, Inc.

10. When Galileo closed for renovations, many of Mr. Donna's employees could not cash their final paychecks.

11. When Galileo closed, many of the employees were transferred to BEBO Trattoria, where they continued the same duties they performed at Galileo. Upon information from other former employees with whom I have remained in touch, some of the former Galileo employees who moved to BEBO Trattoria were paid for some of their work at Galileo by BEBO Trattoria.

12. When BEBO Foods, Inc. held its cooking classes or special events, employees of BEBO Trattoria were required to perform work setting up, cooking, and facilitating these functions. Employees from BEBO Trattoria who would work for BEBO Foods, Inc. during these events, included cooks, bussers, and waiters.

13. Although I was an employee of BEBO Foods, Inc., my paychecks were issued by RD Trattoria, Inc, a company incorporated in the Commonwealth of Virginia.

14. When I was paid by the RD Trattoria, Inc., it was for work I had completed on behalf of BEBO Foods, Inc., my employer.

I have read the foregoing Affidavit consisting of 14 paragraphs.  All of the information it contains is made directly of my own personal knowledge. I hereby attest under penalty of perjury that the information it contains is true, accurate and complete to the best of my knowledge, information and belief.

SO SAYETH THE AFFIANT this 23rd day of June, 2008

Elizabeth Scott

Notary Public

LOVELENA BROOKS-ASHTON
NOTARY PUBLIC DISTRICT OF COUMBIA
My Commission Expires April 14, 2013

EXHIBIT 1

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JESUS VENTURA, *et. al.*,<br>　　　Plaintiffs<br><br>　　　v.<br><br>BEBO FOODS, INC.,<br>GALILEO RESTAURANT,<br>RD TRATTORIA, INC.,<br>and, BEBO TRATTORIA RESTAURANT,<br>and ROBERTO DONNA,<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:2008cv00621(RCL) |

## CONSENT TO JOIN COLLECTIVE ACTION
## (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))

I, Elizabeth Scott, hereby consent to opt in to and become a party to the collective action entitled *Ventura v. BEBO Foods, Inc.* I understand and agree that by joining in this action, I will be bound by any adjudication of the Court in this action. I understand the lawsuit includes allegations that Defendants have failed to properly pay workers for all hours worked, including overtime. I was employed by Galileo Restaurant and BEBO Foods, Inc., during some or all of the period from three years prior to the filing of the lawsuit to the date of this consent. This lawsuit has been brought on my behalf and on the behalf of all similarly situated employees of Galileo, BEBO Foods, Inc., RD Trattoria, Inc., and BEBO Trattoria Restaurants, pursuant to Section 16(b) of the FLSA.

I understand that the lawsuit seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief. I support the proposed appointment of The Law Office of Denise M. Clark, PLLC as counsel for the class and agree to be represented by counsel for this action. I understand that counsel has been retained on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If the Plaintiffs prevail, the attorneys for the class will request the Court determine or approve the amount of attorneys' fees and costs they are entitled to receive.

NO RETALIATION PERMITTED. FEDERAL LAW PROHIBITS THE DEFENDANTS FROM TAKING ANY ACTION AGAINST YOU BECAUSE YOU ELECT TO JOIN THIS ACTION BY FILLING OUT THIS CONSENT FORM OR OTHERWISE EXERCISING YOUR RIGHTS UNDER THE FAIR LABOR STANDARDS ACT.

Printed Name: Elizabeth Scott

Signature:

Date: 4.22.08

EXHIBIT 2



Thursday, February 8, 2007

Dear Elizabeth:

I am happy to offer you the position of Personal Assistant/Marketing & Public Relations Coordinator for myself and my restaurants (Galileo and Bebo Trattoria) with a start date of February 14, 2007.

In this position I look forward to working with you in the organization and management of my day to day schedule as well as all aspects of the development of my restaurants. You will also manage outreach to the community through media and public relations and you will represent me and my restaurants at events.

For this and the many other projects that come your way, I am happy to offer you an annual salary of $52,000, medical benefits, and parking. Additionally, I agree to a formal review six months from your start date, at which time I will re-address your salary. Any salary adjustments will be based on accomplishments and work done to date. In your first year you will be offered one week of vacation and after two years you will receive two weeks, after five years you will receive three weeks of vacation. You will also be compensated for any national holidays that the restaurant is closed.

I look forward to a mutually rewarding working relationship and thank you in advance for your efforts ahead.

Sincerely,

Roberto Donna

By signing and dating this letter below, I, Elizabeth B. Scott, accept this job offer of Personal Assistant/Marketing & Public Relations Coordinator by Roberto Donna.

Signature: _____     Date: 2/8/07

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
JESUS VENTURA,                                      )
ROSA RIVAS,                                         )
MOHAMMED DOUAH,                                     )
   On behalf of themselves and all                )
   other similarly situated employees,            )
                                    )
                Plaintiffs,                   )          08-0621(RCL)
                                      )
     v.                                               )
                                      )
BEBO FOODS, INC.,                                   )
GALILEO RESTAURANT,                                 )
RD TRATTORIA, INC.,                                 )
BEBO TRATTORIA RESTAURANT,                          )
and                                                 )
ROBERTO DONNA                                       )
   In his corporate and individual capacity        )
                                      )
                                      )
              Defendants.                     )
_____ )

## CERTIFICATE OF SERVICE

I certify that on June 23, 2008 a copy of the foregoing ***Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, or in the Alternative, to Transfer*** was sent by electronic case filing to:

                  Philip B. Zipin (367362)
                  The Zipin Law Firm, LLC
                  8403 Colesville Road, Suite 610
                  Silver Spring, MD 20910
                  email: pzipin@zipinlaw.com

                              Respectfully submitted,

                              /s/Denise M. Clark____
                              Denise M. Clark (420480)
                              The Law Office of Denise M. Clark
                              1250 Connecticut Ave, N.W.,Suite 200
                              Washington, D.C. 20036
                              (202) 293-0015
                              dmclark@benefitcounsel.com