THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS VENTURA, *et al.* \* | |
| \* | |
| PLAINTIFFS, \* | |
| v. \* | Case: 1:08-cv-00621 |
| \* | Judge: Royce C. Lamberth |
| BEBO FOODS, INC., *et al.* \* | |
| \* | |
| DEFENDANTS. \* | |

*********************************************************************

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Defendants, Bebo Foods, Inc. ("Bebo Foods"), Galileo Restaurant ("Galileo Restaurant"), RD Trattoria, Inc. ("RD Trattoria"), Bebo Trattoria Restaurant ("Bebo Restaurant"), and Roberto Donna ("Mr. Donna") (collectively, "Defendants"), by and through undersigned counsel, hereby submit their Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss or, in the Alternative, to Transfer ("Motion" or "Defendants' Motion"). In an effort to defeat the Motion, Plaintiffs' Opposition attempts to deny the facts and refute the legal arguments set forth in Defendants' Motion, asserts new allegations not in the Amended Complaint, and even seeks to add a new Defendant.[1] However, despite Plaintiffs' attempt to conflate notions of personal jurisdiction and venue in this litigation, Plaintiffs' Opposition in unpersuasive. Dismissal or transfer is appropriate.

---

[1] Plaintiffs' Opposition suggests that SER, Inc. should be named as a defendant either in place or in addition to Galileo Restaurant. SER, Inc. is an entirely new Defendant. It is axiomatic that the Court cannot base its ruling on Defendants' Motion on the existence *vel non* of a non-party to the litigation.

**A.      Galileo Restaurant and Bebo Restaurant are Merely Trade Names and Cannot be Proper Defendants in this Litigation.**

Plaintiffs claim that "Galileo Restaurant" and "Bebo Restaurant" were Plaintiffs' employer. Plaintiffs are mistaken as a matter of fact and law. "Galileo Restaurant" and "Bebo Restaurant" are non-entity trade names which could not have been Plaintiffs' employer. Because trade names do not exist as a legal entity, they can not be sued as relief cannot be granted from them. Fed. R. Civ. P. 17; *See also The Plan Committee v. PricewaterhouseCooper, LLP*, 335 B.R. 234 (D. D.C. 2005); *Taylor v. Tellez*, 610 A.2d 252 (D.C. 1992).

As fictitious entities and trade names, "Galileo Restaurant" and "Bebo Restaurant" are not proper parties in this litigation, Defendants' Motion to Dismiss these non-entities should be granted.

**B.      RD Trattoria and Mr. Donna's Limited Interaction with the District of Columbia Does Not Trigger Personal Jurisdiction Under the District of Columbia Long Arm Statute.**

Plaintiffs allege that this Court has personal jurisdiction over RD Trattoria and Mr. Donna pursuant to the District of Columbia Long Arm Statute, D.C. Code § 13-434. The specific sections of the statute that Plaintiffs cite as triggering personal jurisdiction are as follows:

   (1) transacting business in this District of Columbia; or …

   (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code § 13-434.

The Affidavit of Mr. Donna ("Donna Affidavit") sets forth all relevant facts with respect to the claim that this Court cannot properly exercise personal jurisdiction over Mr. Donna and RD Trattoria. The Donna Affidavit states in relevant part:

> 1.  ... I am a domiciliary of the Commonwealth of Virginia and reside at 7901 Georgetown Pike, McLean, Virginia 22102…
>
> 2.  I am the Principal of RD Trattoria, Inc. RD Trattoria, Inc. is incorporated under the laws of the Commonwealth of Virginia and exclusively engages in the business of operating Bebo Trattoria Restaurant located at 2250-B Crystal Drive, Arlington, Virginia 22202. RD Trattoria, Inc. and Bebo Trattoria Restaurant do not conduct any business in the District of Columbia. ***All business transactions and services performed by RD Trattoria and myself in relation to the Bebo Trattoria Restaurant, from approximately October 2006 until the present, occurred exclusively within the Commonwealth of Virginia.***

Donna Affidavit ¶¶ 1, 2 (emphasis supplied).

Plaintiffs allege that because Mr. Donna and RD Trattoria made bank deposits in the District of Columbia, Defendants "transacted business" in the District of Columbia for purposes of the long arm statute. However, in order to establish personal jurisdiction under the "transacting business" provision of the District of Columbia long arm statute, Plaintiffs must prove, "both that [Plaintiffs'] claim arises from [Defendants'] transacting any business in the District and that the claim for relief arises from acts enumerated in the long-arm statue itself." *Mallinckrodt Medical, Inc. v. Sonus Pharmaceuticals, Inc.* 989 F.Supp 265, 270 -71 (D.D.C. 1998).

Plaintiffs do not contend in their Opposition - - nor do they allege in the Amended Complaint - - that Plaintiffs performed Defendants' banking in the District of Columbia and that their injuries arose therefrom. Plaintiffs' concede that it was only managerial employees and not Plaintiffs who entered the District of Columbia for this purpose. As Plaintiffs were neither involved in nor impacted by the activity alleged, conducting banking in the District of Columbia

cannot give rise to personal jurisdiction over Defendants under the DC long arm statute with respect to Plaintiffs' claims. *Crane v. Carr*, 814 F.2d 758, 763 (D.C.Cir.1987); *Novak-Canzeri v. Saud*, 864 F.Supp. 203, 206 (D.D.C.1994).

In an equally flawed argument, Plaintiffs allege that Defendants "engaged in targeted advertising and marketing in the District of Columbia." This argument fails because Defendants' advertising is unrelated to Plaintiffs' claims. *See Bayles v. K-Mart Corp.,* 636 F.Supp. 852, 854 (D.D.C.1986) (advertising in the District by a Virginia company was not a relevant jurisdictional fact where the company's alleged negligence was in no way related to that advertising); *accord, Omni Exploration, Inc. v. Graham Eng'g Corp.,* 562 F.Supp. 449, 454 (E.D.Pa.1983) (corporate advertising in the forum was irrelevant to the personal jurisdiction issue where the plaintiff failed to show how the advertising gave rise to the alleged injury suffered).

Plaintiffs do not allege that Defendants' advertising in the District of Columbia gave rise to Plaintiffs' claims of failure to pay wages. Indeed, Defendants' advertising is unrelated to all of Plaintiffs' claims. Accordingly, Defendants' advertising cannot give rise to personal jurisdiction under the DC long arm statute.[2]

Because the District of Columbia long arm statute does not apply to RD Trattoria or Mr. Donna, and because Defendants are not otherwise subject to personal jurisdiction in the District of Columbia for purposes of this litigation, Defendants' Motion should be granted.

---

[2] Section 13-434(4) is also inapplicable because Plaintiffs are claiming in the Amended Complaint that Defendants committed "tortious activity" in the District of Columbia or elsewhere. Plaintiffs' claims are for statutory violations of federal and District of Columbia wage statutes. Such violations are not common law "tortious activity."

**C.    Venue in the District of Columbia is Not Proper as the Overwhelming Majority of the Relevant Events Occurred in Virginia and All Proper Defendants Reside in Virginia.**

Plaintiffs allege that venue is proper in this Court because, Plaintiffs assert, a substantial part of the events giving rise to Plaintiffs' claims occurred in the District of Columbia. Plaintiffs are mistaken both as to the underlying facts and the application of District of Columbia law. The D.C. Circuit favors transfer, "when procedural obstacles [such as lack of personal jurisdiction, improper venue, and statute-of-limitations bars] impede an expeditious and orderly adjudication on the merits." *Abramoff v. Shake Consulting, LLC,* 288 F. Supp.2d 1, 1 (D.D.C. 2003); *Sinclair v. Kleindienst,* 711 F.2d 291, 293-94 (D.C. Cir. 1983).

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Buchanan v. Manley*, 154 F.3d 386, 389 (D.C. Cir. 1998); *see also Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994) (the venue statute focuses on those districts in which the events or omissions supporting a claim are substantial); *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) (in granting the motion to transfer for improper venue, the Court observed that "only locations housing a substantial part of the events that directly give rise to a claim are relevant").

In support of its ruling that venue was not proper in the District of Columbia, the Court in *Abramoff* stated that, "because the general-venue statute protects the defendant, courts often focus on the relevant activities of the defendant, rather than the plaintiff, in determining where a substantial part of the underlying events occurred." *Abramoff* at 1 (internal citations omitted).

In the instant case, Plaintiffs concede that they worked exclusively at Bebo Restaurant in Virginia since October 2006. *See* Amended Complaint at ¶¶ 22-26. Therefore, for at least the last eighteen (18) months prior to Plaintiffs filing their Complaint, all alleged events giving rise

to Plaintiffs' claims occurred exclusively in Virginia.  Virginia is the only venue in which a substantial portion of the events that gave rise to Plaintiffs' claims took place.

Plaintiffs suggest that Plaintiffs' FLSA claims are subject to a three (3) year statute of limitations, citing *McLaughlin v. Richland Shoe Co*., 486 U.S. 128 (1988).  However, an ordinary FLSA violation is subject to the two (2) year statute of limitation; the three (3) year limitation period is an exception to this rule, available only if the plaintiff can carry the much heavier burden of proving willfulness.  *McLaughlin* at 135.

A deviation from the FLSA customary two (2) year statute of limitation and the allowance of a (3) year statute of limitations is trial question, contingent upon a jury finding that Defendants' conduct was "willful."  Plaintiffs' allegations, with the exception of the unsupported use of the term "willful," do not suggest that this case is subject to the three (3) year exception. Plaintiffs' claims allege violations occurring almost exclusively in Virginia over the past two years.  It would be awkward, to say the least, for the Court to utilize the scarce resources of the District of Columbia courts for alleged legal violations which occurred almost exclusively - - if at all - - in Virginia.

RD Trattoria and Mr. Donna have operated exclusively, as related to Plaintiffs, in Virginia since October 2006.  The United States District Court for the Eastern District of Virginia is the proper venue for any of Plaintiffs' claims which survive dismissal.

**D.     Bebo Foods is Not a Proper Defendant as it was Never Plaintiffs' Employer.**

Plaintiffs claim that Bebo Foods was Plaintiffs' employer.  Plaintiffs are misguided. Bebo Foods is a separate and distinguishable entity from RD Trattoria and Mr. Donna and was never Plaintiffs' "employer" for any purpose.

Plaintiffs offer the Affidavit of Elizabeth Scott[3] ("Scott Affidavit") to support the claim that Bebo Foods was Plaintiffs' employer. The Scott Affidavit, however, offers nothing but obfuscation with regard to the relevant inquiry on the issue of venue.

Ms. Scott's dates of employment substantially undermine - - if not eviscerate entirely - - the value of her testimony. Ms. Scott commenced her employment with Mr. Donna on February 14, 2007 and ended her employ with Mr. Donna on December 13, 2007. The Galileo restaurant closed in October 2006, *four months before Ms. Scott was hired*. All events subsequent to Ms. Scott's hiring that relate to Plaintiffs' employment and Plaintiffs' claims occurred in Virginia.

The large majority of Ms. Scott's statements are not from first hand knowledge, as she was not working with Mr. Donna at the time that she was attesting events occurred. For example, testifying entirely from second hand information, Ms. Scott states:

> When Galileo closed [in October 2006, four months before her employment], many of the employees were transferred to BEBO Trattoria, where they continued the same duties they performed at Galileo. *Upon information from other former employees with whom I have remained in touch*, some of the former Galileo employees who moved to BEBO Trattoria were paid for some of their work at Galileo by BEBO Trattoria.

Scott Affidavit at ¶ 11 (emphasis supplied).

The Scott Affidavit is deficient both because it is not based on first hand knowledge and because of its loose attestation clause, i.e. Ms. Scott gives her testimony "to the best of her recollection." The Federal Rules require that an affidavit "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1).

---

[3] The Scott Affidavit claims that Ms. Scott is a party to this action. This is clearly incorrect. Defendants are not aware of any document filed with this Court adding Ms. Scott as a party. Further, Ms. Scott would not be a proper party to this litigation as she was employed by Mr. Donna as his personal assistant, was not an hourly or tipped employee, and was paid a substantial salary for her work. *See* Employment letter attached to Opposition as Exhibit 2. Ms. Scott was not similarly situated to Plaintiffs and would not be a proper opt-in Plaintiff.

In addressing a similar issue, and finding that an affidavit was insufficient, the Court in *Emerson v. American Exp. Co.*, 78 A.2d 862 (D.C. App. 1951) stated:

> The affidavit must not only be made on personal knowledge but must also show that the affiant possesses the knowledge asserted, *i. e.,* that the affiant is competent to testify to the matter stated. *Schwartz v. Sandidge*, 63 A.2d 869 (D.C. App. 1949); *Walling v. Fairmont Creamery Co.*, 139 F.2d 318 (8th Cir. 1943); *Moore's Federal Practice* § 56:06. The affidavit under consideration neither states that it is made on personal knowledge nor shows that affiant has personal knowledge of the statements therein made. The closing paragraph of the affidavit states: 'The foregoing statements are true and accurate to the best of your affiant's knowledge and belief.' How much of the affidavit is made on knowledge and how much on belief is not disclosed. The affidavit is insufficient to support a summary judgment.

*Emerson* at 863-64.

In contrast to the vagaries and hearsay on which the Scott Affidavit relies, the Donna Affidavit states, based on first hand knowledge that Bebo Foods was never Plaintiffs' employer.

The Donna Affidavit notes specifically that Bebo Foods does not own or operate a restaurant; rather Bebo Foods only conducts cooking classes and provides cooking consultations. Donna Affidavit at ¶4.  Mr. Donna is the Principal and sole employee of Bebo Foods.  *Id.* at ¶3. At no time has any person other than Mr. Donna performed work for Bebo Foods; rather, Mr. Donna is the only person who has ever worked for Bebo Foods.  *Id.* at ¶5.  Bebo Foods has never hired or fired any individual; never supervised an individual's work schedules or controlled an individual's conditions of employment; never determined an individual's rate or method of pay; and never maintained (or needed to maintain) employment records.  *Id.* at ¶7.

Bebo Foods was never Plaintiffs' employer, either in fact or by operation of law.  The Scott Affidavit and Plaintiffs' Opposition argument cannot persuade otherwise.  As Bebo Foods was never Plaintiffs' "employer," Bebo Foods should be dismissed from this action.

**E.       Plaintiff Rivas' Equal Pay Act Claim Fails as it is Counter-Factual.**

Plaintiffs do not challenge Defendants' contention that Plaintiff Rivas was paid the same as all other bussers (male or female) with the exception of the long-tenured Plaintiff Ventura. However, despite Plaintiffs' concession of this point, Plaintiffs challenge Defendants' motion to dismiss Plaintiffs' claim under the Equal Pay Act ("EPA").

Defendants' Motion proffers evidence that Plaintiff Rivas was not paid differently from bussers on the basis of gender.  To this point, the Donna Affidavit states:

> With the exception of Jesus Ventura, who was paid at an hourly rate of approximately $8.00 per hour while working as a busser at the Bebo Restaurant due to his long tenured working for RD Trattoria, Inc. and prior to that at my Galileo Restaurant, all bussers, regardless of gender, were paid at the identical hourly pay rate.

Donna Affidavit at ¶ 8.

Plaintiffs' do not offer facts to contradict the Donna Affidavit, but nevertheless complain that no pay records have been produced to substantiate this contention.  At Plaintiffs' request, Defendants have attached pay records showing that all bussers (two male, one female), with the exception of Ventura, were paid at the same rate.  *See* pay record attached hereto as Exhibit 1. Plaintiffs do not take issue with the proposition that it is *not a violation* of the EPA to pay one busser *more* than the other bussers because of a non-gender related factor, namely, length of tenure.  *See Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974).

Because it has been established that bussers regardless of gender, with the exception of the long-tenured Ventura, were paid the same rate of pay, Rivas' claim under the EPA fails. Alternatively, as virtually all of the alleged pay violations occurred in Virginia after the closing of Galileo Restaurant in October 2006, the matter should be heard in Virginia.

## CONCLUSION

For the foregoing reasons and as set forth in the Motion, Defendants request that this Honorable Court grant Defendants' Motion and that Plaintiffs' claims be dismissed or, in the alternative, transferred for improper venue.

Respectfully submitted,

_____/s/_____
Philip B. Zipin, Bar No. 367362
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: pzipin@zipinlaw.com

*Counsel for Defendants*

PAYROLL PERIOD 12/18/2006-12/31/2006

| Employee # | Name | Department | activity | hour/salary | SSN | Hours/days | Rate | DEDUCT. | total | tps |
|---|---|---|---|---|---|---|---|---|---|---|
| 23 | BROOKS MICHELLE | FOH | BARTENDER | HOURS | | 73.31 | $ 5.75 | $ | $ 421.53 | $ 810.00 |
| 25 | FAULKNER CRAIG | FOH | BARTENDER | HOURS | | 72.09 | $ 5.75 | $ | $ 414.52 | $ 265.00 |
| 59 | FLORES LUIS | FOH | BARTENDER | HOURS | | 43.29 | $ 5.75 | $ | $ 248.92 | $ 300.00 |
| 194 | LENGERMANN ERICA | FOH | BARTENDER | HOURS | | 19.14 | $ 5.75 | $ | $ 110.06 | $ 150.00 |
| 841 | PANORA STEPHANIE | FOH | BARTENDER | HOURS | | 17.16 | $ 5.75 | $ | $ 98.67 | $ 150.00 |
| 9 | PREDRAG STOJANOVIC | FOH | BARTENDER | HOURS | | 34.20 | $ 5.75 | $ | $ 196.65 | $ 283.69 |
| 463 | RECINOS ILDER | FOH | BUSSER | HOURS | | 80.00 | $ 3.35 | $ | $ 268.00 | $ 324.00 |
| 151 | RIVAS ROSA | FOH | BUSSER | HOURS | | 80.00 | $ 3.35 | $ | $ 268.00 | $ 215.00 |
| 912 | SANDOVAL TIBURCIO | FOH | BUSSER | HOURS | | 57.19 | $ 3.35 | $ | $ 191.59 | $ 396.22 |
| 43 | VENTURA JESUS | FOH | BUSSER | HOURS | | 80.00 | $ 8.00 | $ | $ 640.00 | $ 299.00 |
| 193 | ELIAS BLANCA | FOH | FOOD RUNNER | HOURS | | 49.45 | $ 3.35 | $ | $ 165.66 | $ 118.00 |
| 21 | LOPEZ JUAN | FOH | FOOD RUNNER | HOURS | | 80.00 | $ 3.35 | $ | $ 268.00 | |
| 88 | MARTINEZ EMMA | FOH | FOOD RUNNER | HOURS | | 40.31 | $ 3.35 | $ | $ 135.04 | $ 106.00 |
| 328 | SANDOVAL JUAN | FOH | FOOD RUNNER | HOURS | | 80.00 | $ 3.35 | $ | $ 268.00 | $ 225.00 |
| 876 | VASQUEZ IVAN | FOH | FOOD RUNNER | HOURS | | 47.31 | $ 3.35 | $ | $ 158.49 | $ 257.01 |
| 45 | CARLO GIOVANNI | FOH | SERVER | HOURS | | 80.00 | $ 2.77 | $ | $ 221.60 | $ 2,024.00 |
| 826 | CENATIEMPO GIOVANNI | FOH | SERVER | HOURS | | 41.12 | $ 2.77 | $ | $ 113.90 | $ 1,572.00 |
| 34 | CRISTALLO EMILIA | FOH | SERVER | HOURS | | 58.18 | $ 2.77 | $ | $ 161.16 | $ 628.51 |
| 721 | DOUAH MOHAMMED | FOH | SERVER | HOURS | | 62.03 | $ 2.77 | $ | $ 171.82 | $ 2,225.00 |
| 728 | GRAZIANI MATTEO | FOH | SERVER | HOURS | | 46.42 | $ 2.77 | $ | $ 128.58 | $ 2,237.00 |
| 423 | MASSIMILIANO STIPA | FOH | SERVER | HOURS | | 19.03 | $ 2.77 | $ | $ 52.71 | $ 1,530.10 |
| 426 | MASTELLONE SALVATORE | FOH | SERVER | HOURS | | 69.27 | $ 2.77 | $ | $ 191.88 | $ 2,177.00 |
| 18 | MELLUSI NELLO | FOH | SERVER | HOURS | | 59.15 | $ 2.77 | $ | $ 163.85 | $ 1,680.00 |
| 33 | TUMIATI ALBERTO | FOH | SERVER | HOURS | | 45.33 | $ 2.77 | $ | $ 125.56 | $ 895.00 |
| 1 | YILDRIM SEMA | FOH | SERVER | HOURS | | 26.44 | $ 2.77 | $ | $ 73.24 | $ 1,640.00 |
| | | | | | | | | | $ 5,257.42 | $20,308.53 |



EXHIBIT 1