## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

JESUS VENTURA, *et al.*,      )
          )
     Plaintiffs,      )
          )
     v.         )     **Civil Action No. 08-00621 (RCL)**
          )
BEBO FOODS, INC., *et al.*,     )
          )
     Defendants.     )
          )

---

## MEMORANDUM OPINION

This matter comes before the Court on defendants' "Motion to Dismiss or, in the Alternative, to Transfer" [9,10]. Upon full consideration of the motion, the oppositions and replies thereto, the applicable law, and the entire record herein, the Court finds, for the reasons set forth below, that defendants' motion will be DENIED.

## I.   BACKGROUND

Plaintiffs are former restaurant wait staff and bussers who commenced this action against defendant Roberto Donna ("Donna") and various restaurants/companies he owns and operates.[1] Plaintiffs allege violations of state and federal law governing wage payment and overtime obligations of employers under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), District of Columbia Wage Payment and Collection Act, D.C. Code § 32-1303 *et seq*.

---

[1] Plaintiffs' first amended complaint names the following parties as defendants: Roberto Donna "in his corporate and individual capacity"; BEBO Foods, Inc.; Galileo Restaurant; RD Trattoria, Inc.; and BEBO Trattoria Restaurant. Donna claims domicile and residence in the Commonwealth of Virginia; however, plaintiffs list Donna as residing in the District of Columbia. (Compl. ¶ 14; Donna Aff. ¶ 1.) RD Trattoria d/b/a BEBO Trattoria Restaurant is incorporated in the Commonwealth of Virginia. BEBO Foods and SER, Inc. d/b/a Galileo Restaurant are incorporated in the District of Columbia.

("DCWP&CA"), and Equal Pay Act, 29 U.S.C. § 206 ("EPA").  Specifically, named plaintiffs contend that they were not paid overtime compensation, were not always paid the minimum wage, and in some instances were not paid any wages due to the issuance of paychecks that either bounced, were void or were otherwise impossible to cash.  (Compl. ¶¶ 1, 46-54, 59-61.) Plaintiffs further allege that female bussers were denied equal pay to that of male bussers.  (*Id.* ¶¶ 55-58.)  According to plaintiffs, these violations began as early as February 1992 during their employment at the Donna-operated Galileo Restaurant ("Galileo") in Washington, D.C.. (*Id.* ¶ 25.)  The violations allegedly continued until at least February 2008, after plaintiffs were transferred in October 2006 to defendant Donna's newly-opened BEBO Trattoria Restaurant ("BEBO Trattoria") in Arlington, Virginia due to the closure of Galileo for renovations.  (*Id.* ¶ 33-34.)

On April 11, 2008, plaintiffs filed the complaint [1] in this matter, and later filed a four-count amended complaint [4] on May 29, 2008, which added no new causes of action, but styled the case as a collective and class action.  Defendants argue plaintiffs' claims fail and dismissal is appropriate based on various theories including lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.  In the alternative to dismissal, defendants request transfer of the action to the United States District Court for the Eastern District of Virginia.

II.   **ANALYSIS**

1. **Proper Party Status of Defendants BEBO Trattoria and Galileo**

Defendants challenge the inclusion of BEBO Trattoria and Galileo as defendants in this action, arguing they are trade names rather than legal entities capable of being sued and therefore

should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs respond by asserting that both parties can be sued in their "doing business capacity" because they are qualifying "employers" as that term is broadly defined and loosely construed under both the FLSA and DCW&HL.  In the alternative, plaintiffs have requested the opportunity to amend the complaint caption to correct what is essentially a misnomer of identified defendants.

The parties' filings, affidavits, and exhibits relating to this issue have conclusively established that: (1) Donna is Principal for defendant corporations BEBO Foods and RD Trattoria; (2) RD Trattoria is "doing business as" BEBO Trattoria Restaurant; and (3) Donna owns/operates BEBO Foods, BEBO Trattoria Restaurant and Galileo Restaurant. (Donna Aff. ¶ 2; Pls.' Opp'n Ex. 1-2.)  Furthermore, plaintiffs' opposition indicates that a recent review of District of Columbia bankruptcy petitions has revealed Galileo is a trade name for District of Columbia corporation SER, Inc. ("SER"), and therefore is named in the complaint in its "doing business as" capacity.  Plaintiffs further state that their diligent review of D.C. corporation listings did not reveal Galileo as a trade name for corporate entity SER at the time of the filing of their previous complaint, and note that plaintiffs' paychecks were not issued under the name of that corporation.  Defendants do not deny the connection between SER and Galileo, or refute plaintiffs' contentions that Galileo is not listed as a trade name with the District of Columbia.

Defendants are correct in noting the axiom that trade names are not juridical entities capable of being sued.  *Evans v. Washington Center for Internships and Academic Seminars*, 2008 WL 4937007 (D.D.C. 2008); *American Society for the Prevention of Cruelty to Animals v. Ringling Brothers and Barnum & Bailey Circus*, 502 F. Supp. 2d 103, 105 fn. 2 (D.D.C. 2007); *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 634 (4th Cir. 2002).  Because BEBO

3

Trattoria and Galileo have been identified as trade names of corporations, they can be dismissed without prejudice as proper defendants in the complaint.  However, the specific circumstances involved in this case convince the Court to grant plaintiffs leave to amend the case caption to correct the named defendants and designate the restaurant trade names in their "doing business" capacity with respect to the corporate defendants.

Plaintiffs' first amended complaint included both the *known* corporate defendants and the names of the restaurants under which those companies were "doing business as"—i.e. the actual places of business where plaintiffs worked.  However, these designated corporation/restaurant defendants are not separate and distinct legal entities, but rather a single entity with two names.  Here, either or both of the corporate or "doing business as" restaurant defendants—aliases for the same legal entity—were identified in the complaint and provided with effective notice and service of the charges against them.  As such, amendment of plaintiffs' complaint caption is in order to reflect that the corporate/restaurant defendants are in fact one and the same defendant for purposes of this lawsuit.

Based on the recent discovery of SER as the corporate entity behind Galileo, the intertwined associations between Donna and all of the corporate/restaurant parties appearing in the complaint, and the lack of any prejudice to the parties given actual notice to all of the originally named "defendants," including Galileo Restaurant, the Court grants plaintiffs leave under Federal Rule of Civil Procedure 15(a)(2) to amend the complaint caption to reflect proper legal entities capable of being sued.  The amended caption will therefore reflect "SER, Inc. d/b/a Galileo Restaurant" as a properly named defendant.  Likewise, the Court grants plaintiff leave

4

*sua sponte* to further amend the complaint caption to substitute "RD Trattoria, Inc. d/b/a BEBO

Trattoria Restaurant" in place of those separately named defendants.

**2. Personal Jurisdiction Over Defendants Donna and RD Trattoria**

Defendants also contend that claims against non-resident defendants Donna and RD

Trattoria, Inc. ("RD Trattoria") (now established to be "d/b/a BEBO Trattoria Restaurant")

should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal

jurisdiction under the District of Columbia long-arm statute.  Plaintiffs respond that the

allegations in their complaint and the affidavit of Ms. Elizabeth Scott clearly establish the

jurisdictional reach of this Court over these defendants.  In the alternative, plaintiffs request they

be allowed jurisdictional discovery in order to further support personal jurisdiction over these

defendants.

Rule 12(b)(2) "authorizes a motion to dismiss based upon the traditional defense that the

court lacks jurisdiction over the defendant's person, which raises a question as to whether the

controversy or defendant has sufficient contact with the forum to give the court the right to

exercise judicial power over defendant."  5 Charles A. Wright & Arthur R. Miller, *Federal*

*Practice & Procedure* § 1351 (1969).  For this Court to exercise personal jurisdiction over a

non-resident defendant, service of process must be authorized by the forum's long-arm statute

and comport with the Due Process Clause of the Fourteenth Amendment.  *FC Inv. Group LC v.*

*IFX Markets, Ltd.*, 529 F.3d 1087, 1095 (D.C. Cir. 2008) (citing *GTE New Media Servs. Inc. v.*

*BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  In the District of Columbia, in keeping

with longstanding Supreme Court precedent, "personal jurisdiction exists when the defendant has

purposely established minimum contacts with the forum state and when the exercise of

jurisdiction comports with the 'traditional notions of fair play and substantial justice.'" *Wiggins v. Equifax, Inc.*, 853 F. Supp. 500, 502 (D.D.C. 1994) (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 107 (1987)).

Purposeful availment thus stands as a touchstone of personal jurisdiction analysis, and the plaintiff "must allege some specific facts evidencing purposeful activity by [d]efendants in the District of Columbia by which they invoked the benefits and protections of its laws." *Novak-Canzeri v. Saud*, 864 F. Supp. 203, 205 (D.D.C. 1994).  Plaintiffs may discharge this burden with a *prima facie* showing that the requirements of the District of Columbia long-arm statute have been met.  *Jones v. City of Buffalo*, 901 F. Supp. 19, 21 (D.D.C. 1994).  The imposition of such a burden on plaintiffs excepts personal jurisdiction analysis from the general rule that all allegations must be taken as true for purposes of ruling on a motion to dismiss.  *See United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 116, 120 fn. 4 (D.D.C. 2000).  Indeed, courts may consider outside evidence to make factual determinations in disposing of a motion to dismiss for lack of personal jurisdiction, and the plaintiffs may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain. *See id.*; *Mwani v. Bin Laden*, 417 F.3d 1 (D.C. Cir. 2005).  Moreover, to establish a *prima facie* case of jurisdiction, plaintiffs are not limited to evidence that meets the standards of admissibility required by the district court.  *Mwani*, 417 F.3d at 7.

The District of Columbia long-arm statute provides in relevant part as follows:

> a District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's: (1) transacting any business in the District of Columbia; ... (4) causing tortious injury in the District of Columbia by an act or omission outside of the District of Columbia if he

regularly does or solicits business, engages in any other persistent
course of conduct, or derives substantial revenue from goods used or
consumed, or services rendered, in the District of Columbia.

D.C. CODE § 13-423(a). Jurisdiction based solely on this provision is specific in nature: "only a

claim for relief arising from acts enumerated in this section may be asserted against [defendant]."

*Id.* 13-423(b).

Plaintiffs assert that this Court has personal jurisdiction over defendants Donna and RD

Trattoria under Sections (a)(1) and (a)(4) of the long-arm statute. Specifically, plaintiffs rely on

the following factual allegations and evidence of defendants' purposeful activity in the District of

Columbia connecting them with this forum: (1) Fidelity Bank on Eye Street, NW, Washington,

DC held the main account for RD Trattoria and required managerial staff and Donna to travel

into the District of Columbia with frequency to deposit funds into the account; and (2) RD

Trattoria and Donna engaged in targeted advertising and marketing in the District to seek patrons

at BEBO Trattoria and; (3) the management of Galileo and BEBO Trattoria are so financially and

factually entangled in their exploitation of workers that they must be included in the same suit;

and (4) both Galileo and BEBO Trattoria are owned and operated by Donna, and the employment

violations alleged occurred in both restaurants. (Pls.' Opp'n 8.)

This Court's personal jurisdiction over Donna is abundantly clear under Section (a)(1).

At a minimum, Donna "transacted business" in the District of Columbia for purposes of

plaintiffs' action based on his association with, and operation of, both Galileo and the BEBO

Foods, Inc. ("BEBO Foods") cooking classes in the District *prior* to the closing of Galileo for

renovations in October 2006 – a time period falling within the statute of limitations period and

during which the plaintiffs allege violations occurred in the course of their employment.

Donna's alleged banking and check writing activities related to plaintiffs further qualify as "transacting business" in the District of Columbia under the long-arm statute.

Less clear is the issue of personal jurisdiction over RD Trattoria.  Contrary to plaintiffs' assertions, personal jurisdiction is not available as to either Donna or RD Trattoria under Section (a)(4) because that provision expressly requires *tortious* acts and injuries to confer jurisdiction, as opposed to the statutory wage violations alleged in plaintiffs' complaint.  *See Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 116, 122-23 (D.D.C. 2008) (Lamberth, J.).

In assessing personal jurisdiction over RD Trattoria based on Section (a)(1), the Court rejects RD Trattoria and Donna's targeted marketing of District of Columbia patrons as meeting the "transacting business" requirement.  Plaintiffs do not allege that defendants advertising in the District of Columbia gave rise to plaintiffs' claims, and such advertising is not a relevant jurisdictional fact under Section (a)(1) where it is unrelated to the alleged injury suffered.  *See Bayles v. K-Mart Corp.*, 636 F. Supp. 852, 854 (D.D.C. 1986) (advertising in the District by a Virginia company was not a relevant jurisdictional fact where the company's alleged negligence was in no way related to that advertising).

Presenting closer questions are plaintiffs' arguments concerning RD Trattoria's banking activities, and the intertwined nature of defendants and the alleged violations.  Though supported by scant evidentiary support, plaintiffs' factual allegations claim RD Trattoria's main bank account was located in the District of Columbia, frequent trips were made by Donna and managers to deposit funds in the account at the same physical bank location in the District, and at some unspecified point during the dates cited in the complaint, plaintiffs were required to cash pay checks drawing on the same or associated accounts held at that bank.  Defendants' affidavit

evidence fails to adequately address plaintiffs allegations, while seeking to summarily dismiss the "transacting business" relevance of defendants' banking activities in the District of Columbia by stating that plaintiffs' injuries did not arise therefrom.  However, plaintiffs allege that their trips to the bank and knowledge that the paychecks were bouncing or unable to be cashed due to being unsigned are what substantially gave rise to plaintiffs' claims for unpaid wages.

Furthermore, the Court finds some potential in plaintiffs' contention that the financial and factual entanglement between Donna, his various corporate and restaurant enterprises, and the alleged wage violations may allow for the transference of other defendants' "transacting business" contacts to RD Trattoria for jurisdictional purposes under an alter-ego or similar theory.

Accordingly, the Court finds that plaintiffs have made a sufficient "good faith" showing on the personal jurisdiction issue at this stage of the proceedings to entitle them to jurisdictional discovery in order for this Court to better determine if it has authority under the long-arm statute to exercise personal jurisdiction over defendant RD Trattoria.  "A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996).  *See also GTE New Media Servs. Inc.*, 199 F.3d at 1351-52; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998); *Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991); *Crane v. Carr*, 814 F.2d 758, 760 (D.C. Cir. 1987); *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003) ("The Circuit's standard for permitting jurisdictional discovery is quite liberal").

### 3.  Venue Is Proper

As an independent and alternative ground for dismissal, defendants allege improper venue under Federal Rule of Civil Procedure 12(b)(3) as to defendants RD Trattoria and Donna. Plaintiffs assert venue based on a federal question as they seek to enforce their rights under the Fair Labor Standards Act.[2]  28 U.S.C. § 1391(b) holds, in pertinent part, that venue is proper in any judicial district "where a substantial part of the events or omissions giving rise to the claim occurred...."  28 U.S.C. § 1391(b)(2).  Because this action is based on a federal question, and not all defendants reside in the state of Virginia, this is the only provision that is applicable to this case.

A district court need not determine which forum represents the best venue.  *Jacobsen v. Oliver*, 201 F. Supp. 2d 93, 108 (D.D.C. 2002).  Moreover, "plaintiffs are not required to establish that the District of Columbia has the most substantial contacts to the dispute, but rather only that 'a substantial part of the events occurred in the District.'"  *Id.*  The general venue requirement of Section 1391(b), in its language pertaining to where "the claim arose," should be "ascertained by advertence to events having operative significance in the case, and a commonsense appraisal of the implications of those events for accessibility to witnesses and records."  *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C. Cir.1978).

Plaintiffs' allegations establish that their claims arose in the District of Columbia such that venue is proper in this Court with respect to all defendants.  While significant activities related to this action occurred outside of the District of Columbia after plaintiffs were transferred

---

[2] This Court has supplemental jurisdiction over the state law claims of violation of the DCWP&CA.

to Donna's restaurant in Virginia, a substantial amount of relevant events also occurred during the preceding time period while plaintiffs were employed within the District, and it is those events from which this claim truly arose. The basis of plaintiffs' claims began with alleged wage violations during their employment at Donna's Galileo restaurant in the District of Columbia, and those violations are alleged to have continued to mount and become commingled with their employment at BEBO Trattoria in Virginia after Donna temporarily closed Galileo and transferred plaintiffs and other restaurant staff to his new restaurant. Defendants allegedly issued paychecks that bounced or were otherwise unable to be cashed when plaintiffs attempted to deposit them at a District of Columbia bank per defendants' requirement, leading to this claim for unpaid wages. Plaintiffs allege this bank account was held by Donna and RD Trattoria, and the opportunity for jurisdictional discovery related to defendants' financial ties should lead to transparency on this issue as discussed *supra*.

The Court is not persuaded by defendants' argument that events giving rise to plaintiffs' claim in the District of Columbia are not of a substantial character to confer venue. Under the FLSA's two year statute of limitations, defendants seek to magnify the significance of plaintiffs' alleged wage violations occurring in Virginia during the eighteen months preceding the filing of their complaint. However, in doing so they ignore plaintiffs' specific factual allegations of willful violations that would enlarge the statutory period to three years, and therefore encompass an almost equally substantial fourteen months of activity in the District of Columbia—notwithstanding defendants' alleged violations in the District, which date back beyond either applicable statutory period to the early 1990's. *See McLaughlin v. Richland Shoe Co.*, 468 U.S. 128 (1988).

11

Under these circumstances, venue is proper in the District of Columbia, as it hardly

qualifies as "an inconvenient or unfair place of trial" for defendants.  *Leroy v. Great Western*

*United Corp.*, 443 U.S. 173 (1979).  Given the interrelation between District of Columbia

resident and non-resident defendants, and the identical nature of plaintiffs' claims while

employed in both the District and Virginia, no substantial difference between available forums

exists in this case that provides a justification for transfer under 21 U.S.C. § 1404.  Because

significant deference is accorded to resident plaintiffs' choice of forum, and the decision to

transfer is within the sound discretion of the Court, transfer of venue will be denied.  *Sierra Club*

*v. Van Antwerp*, 523 F. Supp. 2d 5, 11 (D.D.C. 2007) (Lamberth, J.) (citing *DeLoach v. Philip*

*Morris Cos.*, 132 F. Supp. 2d 22, 24-25 (D.D.C. 2000)).

### 4. Propriety of BEBO Foods as a Defendant

Defendants also contest the inclusion of BEBO Foods (a company Donna operates for the

purpose of giving personally-taught cooking classes) as a proper defendant in this action, arguing

that BEBO Foods was not plaintiffs' employer.  Plaintiffs assert that for all practical purposes,

BEBO Foods is the alter ego of Donna and meets the definition of an "employer" under the

FLSA.  After reviewing each party's affidavit evidence on the nature and activities of BEBO

Foods, the Court is convinced that it is a properly joined defendant as this stage of the

proceedings.

Plaintiffs contend, and Donna effectively concedes, that BEBO Foods is his alter ego—

Donna holds himself out as the "Principal and sole employee" and states the company "has never

had any employee other than myself" and "[a]t no time has any other person than myself

performed work" for the company.  (Donna Aff. ¶¶ 3, 5.)  However, Donna's affidavit does

12

admit that BEBO Foods paid one or more plaintiffs for moving restaurant furniture in October

2006—a payment Donna claims was a "loan" from BEBO Foods to RD Trattoria.  (*Id.* ¶ 6.)

Despite Donna's assertion, plaintiffs proffer evidence that Ms. Scott was employed by BEBO

Foods to market Donna, but was issued paychecks from RD Trattoria—an arrangement this

Court notes is symptomatic of the entanglement between Donna and the corporate defendants.

(Scott Aff. ¶¶ 13-14.)  According to the affidavit, BEBO Foods' cooking classes were held at the

very same restaurants where plaintiffs allege the wage violations occurred: Galileo and BEBO

Trattoria.  (*Id.* ¶ 8.)  Furthermore, plaintiffs' contradictory evidence indicates that when BEBO

Foods held classes at BEBO Trattoria, employees including cooks, waiters, and bussers "were

required to perform work setting up, cooking, and facilitating these functions."

     The Supreme Court has supported an expansive understanding of the employee/employer

relationship in favor of including individuals under the FLSA.  The Act defines "employee" very

broadly as "any individual employed by the employer."  To "employ" includes to suffer or permit

to work."  29 U.S.C. §§ 203(e)(1), 203(g).  In *Henthorn v. Dept. of Navy*, 29 F.3d 682, 684 (D.C.

Cir. 1994), the court set forth a totality of the circumstances test for determining whether an

entity is an "employer."  The factors include "whether the alleged employer (1) had the power to

hire and fire the employees, (2) supervised and controlled employee work schedules or

conditions of employment, (3) determined the rate and method of payment, and (4) maintained

employment records." *Id.*

     Here, plaintiffs' contradictory evidence portrays BEBO Foods, Donna, and his restaurants

as indistinguishable with respect to the "employer" determination.  Plaintiffs' factual allegations

contradict Donna's affidavit by contending that BEBO Foods, through the person of Donna, had

the power to hire and fire plaintiffs and supervise the conditions of employment during the

cooking classes at which plaintiffs worked.  Thus, plaintiffs' affidavit evidence has made a

sufficient showing of BEBO Foods' role as plaintiffs' "employer" to avoid dismissal.

**5.  Plaintiff's Equal Pay Act Claim Was Properly Plead**

Defendants argue that plaintiffs have failed to state a claim upon which relief may be

granted with respect to their EPA sex discrimination allegation.  When considering a motion to

dismiss pursuant to Rule 12(b)(6), this Court will dismiss a claim if the plaintiff fails to plead

"enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v.

Twombly*, 127 S. Ct. 1955, 1974 (2007).  This Court must construe the allegations and facts in

the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of

all inferences that can be derived from the facts alleged.  *Barr v. Clinton*, 370 F.3d 1196, 1199

(D.C. Cir. 2004) (citing *Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

As noted in plaintiffs' complaint, "the EPA requires that an employer make equal

payments for equal work on jobs that require equal skill, effort, and responsibility and which are

performed under similar working conditions."  (Compl. ¶ 87; 29 U.S.C. § 206(d).)  Plaintiffs

allege that "[d]efendants have violated the EPA by discriminating against employees on the basis

of sex by paying higher wages to male bussers performing the same work as female bussers."

(Compl. ¶ 88.)  Specifically, plaintiffs allege female bussers were paid $3.35 per hour, while

male bussers were paid $8.00 an hour.  (*Id.* ¶ 55-56.)  Defendants concede that plaintiff Rosa

Rivas, a female, was paid $3.35 per hour, while plaintiff Jesus Ventura, a male, was paid $8.00

per hour.  However, defendant offers Donna's affidavit and pay stubs[3] as evidence that the pay

disparity was based on Ventura's longer tenure, an affirmative defense as a differential "based on

seniority" under 29 U.S.C. § (d)(1)(i). (Donna Aff. ¶ 8.)

Defendants cannot establish that plaintiffs have failed to state a claim upon which relief

may be granted.  Having determined that in at least one instance defendants paid a female busser

less than her male counterpart, whether or not the basis for that pay disparity is due to gender or

an allowable exception is a question of fact.  Assuming the truth of plaintiffs' allegations that the

unequal pay was based on gender, as the Court must in the context of a motion to dismiss,

plaintiffs have stated a claim under the EPA.  Defendants remain free to raise their "tenure"

affirmative defense at the summary judgment stage, after discovery and adequate briefing on the

issue has transpired.

## III.   CONCLUSION

Upon full consideration of the parties' filings, applicable law, and the record herein, this

Court concludes that defendants "Motion to Dismiss, or, in the Alternative, to Transfer" [9,10] is

DENIED, leave of Court for plaintiffs to amend the complaint caption to reflect properly named

defendants is GRANTED, and jurisdictional discovery on the issue of RD Trattoria's contacts

with the District of Columbia is GRANTED.


A separate order shall issue this date.

---

[3] Because the Court does not rely on the Donna affidavit and pay stubs in ruling on
defendants' motion to dismiss with respect to the EPA claim, the motion does not need to be
treated as one for summary judgment and disposed of pursuant to Rule 56.  *See* Fed. R. Civ. P.
12(d).

Signed by Royce C. Lamberth, Chief Judge, on February 2, 2009.