## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
JESUS VENTURA, et al.,          )
                                )
              Plaintiffs,        )
                                )
        v.                       )          Civil Action No. 08-621 (RCL)
                                )
BEBO FOODS, INC., et al.,       )
                                )
              Defendants.        )
_____)
```

## MEMORANDUM OPINION

On July 6, 2010, this Court held a hearing in this matter to address two issues: (1) whether defendant Roberto Donna ("Donna") may be personally liable for minimum wage and overtime violations of the Fair Labor Standards Act ("FLSA") and the D.C. Wage Payment and Collection Law ("DCWPCL"); and (2) damages, if any, as to the corporate defendants. For the reasons set forth below, the Court concludes that Donna is personally liable for minimum wage and overtime violations under FLSA and the DCWPCL. The Court, however, will defer ruling on plaintiffs' damages at this time. Accordingly, plaintiffs' motion [42] for summary judgment with respect to Donna's personal liability is GRANTED and plaintiffs' motion [48] for damages is DEFERRED pending a further evidentiary hearing on damages, including damages against Donna individually.

## I.    BACKGROUND

Plaintiffs are bussers Jesus Ventura and Rosa Rivas, servers Mohammed Douah, Arturo Ramos, Bisera Romic, Carlos Sosaya, Dorde Milojevic, Igor Vuckovic, and Marijana Bosnijak, floor manager Hicham el Hallou, and personal assistant/marketing & public relations coordinator

Elizabeth Scott.  They brought this suit against defendants Roberto Donna, Bebo Foods, Inc., and

RD Trattoria, Inc., alleging that defendants failed to pay minimum and overtime wages in

violation of the FLSA and DCWPCL during their employment at defendants' restaurants, Galileo

Restaurant ("Galileo") and Bebo Trattoria Resturant ("Bebo Trattoria").[1]  In addition, plaintiffs

allege that female bussers were denied equal pay to that of male bussers in violation of the Equal

Pay Act ("EPA").

Donna is a chef and restauranteur in the greater Washington, D.C. metropolitan area.  He

was the majority owner of Galileo, which he operated in Washington, D.C. from 1984 until 2006.

(Donna Dep. 33:7-8, Oct. 12, 2009.)  After Galileo closed, Donna opened Bebo Trattoria.  He

operated Bebo Trattoria through RD Trattoria, a corporation of which he was the sole owner and

president, until it closed in 2009.  (*Id.* at 29:16-17.)  Currently, Donna teaches cooking classes

through Bebo Foods, Inc., a company of which he is the sole owner and president.  (*Id.* at 18:3-

20:11.)

As either the majority or sole owner of the corporate defendants, Donna had great control

over Bebo Foods, Bebo Trattoria, and Galileo.  For example, he transferred many of his

employees from Galileo to Bebo Trattoria when Galileo closed.  (Pls.' Opp'n [12] to Defs.' Mot.

to Dismiss Ex. 2.)  In addition, he had the power to determine work assignments and fire and hire

employees.  (*Id.*; Donna Dep. 54:5-7.)  He also approved wage payments and was involved with

---

[1] The Complaint originally named Galileo Restaurant and Bebo Trattoria Restaurant as
defendants.  Galileo Restaurant and Bebo Trattoria, however, are trade names, not jurisdictional
entities capable of being sued.  As a result, this Court dismissed Galileo and Bebo Trattoria
Restaurant and granted plaintiffs leave to amend their complaint caption to reflect the proper
legal entities capable of being sued—*i.e.*, SER, Inc. d/b/a Galileo Restaurant and RD Trattoria,
Inc. d/b/a BeboTrattoria Restaurant.  (Mem. Op. [14] at 4-5 (Feb. 2, 2009).)

defendant corporations' compensation practices.  (*See, e.g.*, Ventura Aff. ¶¶ 7-9; Scott Aff. ¶¶ 13, 20; Vuckovic Aff ¶¶ 5, 8-9, 11-12.)

Plaintiffs worked for defendants for various periods between 1992 and 2008.  (Pls.' Mot. [42] for Summ. J. at 2-4.)  During plaintiffs' employment, defendants often failed to meet the wage and record keeping requirements of FLSA and DCWPCL.  For example, defendants improperly maintained payroll records, and as a result, they either did not provide pay stubs or provided inaccurate pay stubs to plaintiffs.  (*See, e.g.*, Ventura Aff. ¶ 5; Douah Aff. ¶ 6.)  In addition, defendants failed to track plaintiffs' overtime hours, even though plaintiffs regularly worked more than forty hours a week.  (*See, e.g.*, Ventura Aff. ¶¶ 3, 5; Scott Aff. ¶ 7.)  Consequently, plaintiffs were often not paid overtime.  (*Id.*)  Furthermore, defendants failed regularly to pay the minimum wage for tipped employees.  (*See, e.g.*, Douah Aff. ¶ 6; Vuckovic Aff. ¶ 4.)  Plaintiffs' paychecks were sometimes for zero dollars, were post-dated and would bounce, or were unsigned.  (*Id.*; *see also* Pls.' Mot. for Summ J. Ex. B.)  On other occasions, plaintiffs did not even receive their paychecks.  (Scott Aff. ¶ 13.)  Moreover, defendants withheld plaintiffs' tips.  (*See, e.g.*, Vuckovic Aff. ¶ 5; Douah Aff. ¶ 5; Ramos Aff. ¶ 10.)  Defendants also paid plaintiff Rosa Rivas $3.35 an hour while her male counterpart, plaintiff Jesus Ventura, was paid $8 an hour to perform the same job.  (Rivas Aff. ¶ 4.)

Plaintiffs complained to Donna about their wages on several occasions.  In response, he either promised to pay plaintiffs their wages, or he told them that he was unable to pay them because of Bebo Trattoria's debts and bills.  (*See, e.g.*, Ventura Aff. ¶ 7; Romic Aff. ¶ 10.)  If he did pay them, he often paid only a portion of their unpaid wages.  (*Id.*)

On June 4, 2010, this Court held a hearing in this matter.  The Court granted attorney

Philip Zipin's motion to withdraw as counsel for defendants.  (Order [46] at 1.)  Because

defendant corporations, Bebo Foods and RD Trattoria, were no longer represented by counsel,

the Court granted plaintiffs' motion for summary judgment with respect to the corporate

defendants.  (*Id.* at 2.)  The Court allowed Donna to proceed in this matter *pro se* and oppose

plaintiffs' motion for summary judgment with respect to his personal liability.  (*Id.*)

On July 6, 2010, the Court held an additional hearing in this matter to address two issues:

(1) whether Donna may be personally liable for minimum wage and overtime violations of the

FLSA and DCWPCL; and (2) the amount of damages, if any, for which the corporate defendants

are liable.

## II.    LEGAL STANDARD

The Court will grant summary judgment when "the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c).  The burden is on the moving party to demonstrate that there is an "absence of a genuine

issue of material fact" in dispute.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In

deciding a motion for summary judgment, the Court must draw all reasonable inferences from

the record in the non-moving party's favor and accept the non-moving party's evidence as true.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  It is not enough, however, for the

non-moving party to show that there is "*some* factual dispute."  *Id.* at 247.  "Only disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment."  *Id.* at 248.

III.     ANALYSIS

Drawing all reasonable inferences in Donna's favor, the Court finds that there is no genuine issue of material fact as to whether Donna is personally liable for FLSA and DCWPCL violations.  Accordingly, the Court will grant plaintiffs' motion for summary judgment with respect to Donna's personal liability.  The Court, however, will defer ruling on plaintiffs' motion for damages pending a further evidentiary hearing on damages, including damages as to Donna individually.

A.      **Personal Liability of Donna**

The Court concludes that Donna is personally liable under the FLSA and DCWPCL for minimum wage, overtime, and equal pay violations because he is an employer under both the FLSA and DCWPCL.[2]  To be liable for violations of the FLSA, the defendant must be an "employer."  29 U.S.C. §§ 206-207 (2010).  The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  This definition is broadly construed to serve the remedial purposes of the act. *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 10 (D.C. Cir. 2001).  Thus, courts look to the "economic reality" rather than technical common law concepts of agency to determine whether a defendant is an employer.  *Id.* at 11; *see also Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983).

In applying the economic reality test, the Court considers "the totality of the

---

[2] Because the DCWPCL and FLSA contain nearly identical provisions with respect to employers liability, the DCWPCL is to be construed consistently with the FLSA.  *See Del Villar v. Flynn Architectural Finishes*, 664 F. Supp. 2d 94, 96 (D.D.C. 2009) (explaining that the FLSA and DCWPCL are "interpreted similarly").  Accordingly, the discussion of the Donna' liability under FLSA in this section also applies to Donna's liability under the DCWPCL.

5

circumstances of the relationship between the plaintiff/employee and defendant/employer to

determine whether the putative employer has the power to hire and fire, supervise and control

work schedules or conditions of employment, determine rate and method of pay, and maintain

employment records." *Del Villar v. Flynn Architectural Finishes*, 664 F. Supp. 2d 94, 96 (D.D.C.

2009) (citing *Morrison*, 253 F. 3d at 11).  This test may show that more than one "employer" is

liable for violations of the FLSA.  *Dep't of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 778 (6th

Cir. 1995).  As a result, a corporate officer may qualify as an employer along with the

corporation under the FLSA if the officer has operational control of a corporation's covered

enterprise.  *Agnew*, 712 F.2d at 1511.  To determine whether a corporate officer has operational

control, the Court looks at the factors above plus the ownership interest of the corporate officer.

*See Cole Enterprises*, 62 F.3d at 778 (explaining that an individual has operation control if he or

she is a high level executive, has a significant ownership interest, controls significant functions

of the business, and determines salaries and makes hiring decisions).

     Here, plaintiffs have demonstrated that Donna is an "employer" under the FLSA because

he has operational control over the corporate defendants.  First, Donna is an executive with

significant ownership interest in the corporate defendants.  He is the president and sole owner of

Bebo Foods and was the president and sole owner of RD Trattoria.  (Donna Dep. at 18:3-20:11,

29:16-17.)  He also owned eighty percent of Galileo.  (*Id.* at 33:7-8.)  Second, Donna had the

power to hire and fire, control work schedules and supervise employees, determine pay rates, and

maintain employment records.  For example, Donna transferred employees from Galileo to Bebo

Trattoria when Galileo closed in 2006, and he took part in the hiring of other employees.  (Pls.'

Opp'n [12] to Defs.' Mot. to Dismiss Ex. 2; Donna Dep. 54:5-7.)  Moreover, at the evidentiary

hearing, several plaintiffs testified that Donna supervised plaintiffs on the floor of his restaurants. He also approved wage payments to plaintiffs, including the issuance of post-dated or unsigned checks, the payment of partial wages, and the withholding of any payment. (*See, e.g.*, Ventura Aff. ¶¶ 7-9; Vuckovic Aff ¶ 4.)  Furthermore, when plaintiffs complained about defendants' payment practices, he informed them that he withheld wage payments—either in full or in part—from plaintiffs in order to pay Bebo Trattoria's past debts for which he was behind in payment. (*See, e.g.*, Ventura Aff. ¶ 7; Romic Aff. ¶ 10.)  Indeed, plaintiffs' evidence demonstrates that Donna exerted operational control over the corporate defendants.

Accordingly, Donna is an "employer" under the FLSA and is personally liable for the corporate defendants' wage, overtime, and equal pay violations.  Similarly, because the DCWPCL is construed consistently with the FLSA, Donna is an "employer" under the DCWPCL and is liable for the corporate defendants' violations of its wage and overtime provisions.

### B.      Damages

Plaintiffs have the burden of proving their damages as a result of defendants' FLSA and DCWPCL violations.  *Arias v. U.S. Service Indus., Inc.*, 80 F.3d 509, 511 (D.C. Cir. 1996).  If defendants fail to keep accurate employment records, plaintiffs can satisfy this burden by proving that they have in fact performed work for which they were improperly compensated and producing "sufficient evidence to show the amount and extent of that work *as a matter of just and reasonable inference.*"  *Id.* at 511-12 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).  The burden then shifts to the defendant to show the exact amount of work performed by plaintiffs or to negate the reasonableness of the inference derived from plaintiffs' evidence.  *Id.* at 512 (quoting *Anderson*, 328 U.S. at 687-688).  If defendants fail to

produce evidence to rebut plaintiffs, the Court may award damages, even if the award is only approximate. *Id.* (quoting *Anderson*, 328 U.S. at 687-688).

Plaintiffs have demonstrated that defendants did not keep accurate records. *See* 29 U.S.C. § 211(c) (requiring employers to keep accurate employment records); D.C. Code 32-1008(b) (same). Defendants improperly maintained their payroll records. (*See, e.g.*, Ventura Aff. ¶ 5; Douah Aff. ¶ 6.) As a result, they either did not provide pay stubs or provided inaccurate pay stubs to plaintiffs. (*Id.*) In addition, defendants failed to track plaintiffs' overtime hours. (*See, e.g.*, Ventura Aff. ¶¶ 3, 5; Scott Aff. ¶ 7.)

Plaintiffs have also demonstrated that they performed work for which they were improperly compensated due to defendants' violations of the minimum wage, overtime, and equal pay provisions of the FLSA and DCWPCL. *See* 29 U.S.C. §§ 206-207 (requiring employers to pay a minimum wage, setting forth an overtime wage for hours worked beyond forty hours a week, and prohibiting pay differentials based on sex where employees of the opposite sex perform "equal work"); D.C. Code §§ 32-1003 (setting forth minimum and overtime wage requirements for employers in the District of Columbia). Defendants regularly failed to pay the minimum wage for tipped employees. (*See, e.g.*, Douah Aff. ¶ 6; Vuckovic Aff. ¶ 4.) They also regularly failed to pay time and a half for overtime hours. (*See, e.g.*, Ventura Aff. ¶¶ 3, 5; Scott Aff. ¶ 7.) In addition, defendants paid Rosa Rivas less than her male counterpart, Jesus Ventura. (Rivas Aff. ¶ 4.)

Furthermore, plaintiffs, through sworn affidavits, have produced sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Arias*, 80 F.3d at 511-12. Defendants have not yet refuted the hour estimates of plaintiffs or negated the

reasonableness of any inference that the Court might draw from plaintiffs' evidence.  Because the corporate defendants have failed to rebut plaintiffs' evidence, the Court may award plaintiffs damages.  *Id.* at 512.

Donna must also be given an opportunity individually to counter plaintiffs' damages. Plaintiffs' current claims are approximations that assume that they did not receive *any* compensation during their *entire* employment with defendants.  (*See* Mem. on Damages, Ex. 1.) This approximation is not supported in the record.  Indeed, not one affidavit of the plaintiffs states that a plaintiff did not receive *any* wages during their entire employment.  To make a reasonable approximation of their damages, plaintiffs *must* account for the wages which they were paid.  Plaintiffs can account for their past wages through bank records, pay stubs, pay checks, or supplemental affidavits.  *See Pleitez v. Carney*, 594 F. Supp. 2d 47, 49-53 (D.D.C. 2009) (using bank records, returned pay checks, and affidavits to calculate damages for FLSA violations) (Bates, J.).

Accordingly, the Court will hold a second damages hearing.  At the hearing, plaintiffs must present an approximation of the damages that takes into account the wages which they received.  Defendant Donna may counter plaintiffs' damages claims, including plaintiffs' approximations of hours worked, and may rebut plaintiffs' approximation of damages with records that demonstrate when plaintiffs were paid, and in what amounts.

## IV.    CONCLUSION

For the reasons set forth above, the Court will GRANT plaintiffs' motion for summary judgment as to Donna's personal liability.  The Court will DEFER ruling on  plaintiffs' damages at this time and will hold a second hearing on damages at a date to be determined.  A separate

order shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on July 27, 2010.